**BURRIS & MACOMBER, PLLC**
2478 East River Road
Tucson, Arizona 85718
Telephone:   (520) 775-2000
Facsimile:    (520) 775-2001

**D. Rob Burris, Esq.**
State Bar No. 024961
Email: rob@burrismacomber.com

**Jeremy T. Shorbe**
State Bar No. 026920
Email: jeremy@burrismacomber.com
*Attorneys for Defendant Jeffrey Lindsay*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Stangel, | Case No. CV-25-471-JCH |
| Plaintiff, v. | **GOOD FAITH CONSULTATION CERTIFICATE** |
| Jeffery Lindsay, | Hon. John C. Hinderaker |
| Defendant. | |

Undersigned counsel for Defendant Jeffery Lindsay ("Defendant") hereby submits his "Good Faith Consultation Certificate" as required by LRCiv. 12.1(c), with respect to that portion of Defendant's November 17, 2025, Motion to Dismiss (the "MtD") that includes a Rule 12(b)(6) motion to dismiss for failure to state a claim. The MtD predominantly asserts that dismissal is required for lack of jurisdiction and improper venue. A minority portion of the MtD, however, does—additionally—request that the Court dismiss any claims improperly relying on Arizona law for failure to state a claim as any facts susceptible to proof in the First Amended Complaint (the "1AC") must fail because Arizona law does not apply to this case. The Choice of Law arguments were also asserted to further the analysis of the lack of jurisdiction and improper venue arguments, beside the 12(b)(6) argument.

1    Out of an abundance of caution, *after* the filing of the MtD, Defendant consulted with Plaintiff's counsel to discuss whether Plaintiff was amenable to an amendment to the 1AC dismissing those claims improperly based upon Arizona law: Plaintiff respectfully declined. *See November 21, 2025, Email attached as* **EXHIBIT A**. Defendant offered to notify the Court that it would strike the small portion of the MtD relying on Rule 12(b)(6) if the parties could so agree to dismiss those claims improperly based upon Arizona law in order to affect the policy ends of the Good Faith Consult of local rule 12.1.

Through counsel, and via the abovementioned efforts, Defendant has tried in good faith to resolve Plaintiff's failure to state a claim by personally conferring with Plaintiff's counsel, Trevor Cook; the parties were "unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." *LRCiv. 12.1(c)*.

Based upon the foregoing, undersigned counsel for Defendant hereby certifies that, after personal consultation and good faith efforts to do so, counsel for the parties have been unable to satisfactorily resolve the dispute which is the subject of the Rule 12(b)(6) motion to dismiss for failure to state a claim.

RESPECTFULLY SUBMITTED this 21st day of November 2025.

BURRIS & MACOMBER, PLLC

*/s/ Jeremy T. Shorbe*
D. Rob Burris, Esq.
Jeremy T. Shorbe, Esq.
*Attorneys for Defendant*

ORIGINAL e-filed this
21st day of November 2025 to:

Clerk of the United States District Court
405 West Congress Street, Suite 1500
Tucson, AZ 85701

1  Copy of the foregoing to be e-served
2  this 21st day of November 2025 to:

3  Silence Law Group, PLLC
4  20235 N. Cave Creek Rd., Ste. 104 # 460
   Phoenix, AZ 85204
5  Jeffrey Silence, Esq.
   jeff@silencelaw.com
6  Trevor Cook, Esq.
7  trevor@silencelaw.com

8  Shields Petitti & Zoldan, PLC
   James Burr Shields
9  burr@shieldspetitti.com
10 *Attorneys for Plaintiff*

11 By: */s/Jo Lynn Goldener*