*Exhibit "A"*

**Jeremy Shorbe**

| | |
|---|---|
| **From:** | Jeremy Shorbe |
| **Sent:** | Friday, November 21, 2025 11:30 AM |
| **To:** | Trevor Cook |
| **Cc:** | Burr@ShieldsPetitti.Com; Jeffrey Silence; rob@burrismacomber.com; jolynn@burrismacomber.com |
| **Subject:** | RE: Stangel v. Lindsay: Timing & 129(b)(6). |

Hello Trevor,

Thank you for the very prompt reply. We agree to the timeline you've set out and we will draft the stipulation and proposed order for your review.

We also understand Ms. Stangel's position on the motion to dismiss for failure to state a claim and will proceed accordingly.

Thank You,

Jeremy Shorbe | Associate Attorney

**BURRIS & MACOMBER, PLLC**
ATTORNEYS AT LAW

2478 E. River Road | Tucson, Arizona 85718
**T:** (520) 775 2000   | **F:** (520) 775 2001

  www.burrismacomber.com

  jeremy@burrismacomber.com

CONFIDENTIALITY NOTICE:  This transmission is intended to be confidential and may be subject to attorney-client privilege.  If you receive this transmission in error, please click on reply and notify the sender.  Thank you.

*NOTE:  If you are a client, do not forward this email to anyone. Doing so may cause you to waive the attorney-client privilege.*

---

**From:** Trevor Cook <trevor@silencelaw.com>
**Sent:** Friday, November 21, 2025 11:26 AM
**To:** Jeremy Shorbe <Jeremy@burrismacomber.com>
**Cc:** Burr@ShieldsPetitti.Com; Jeffrey Silence <jeff@silencelaw.com>; rob@burrismacomber.com; jolynn@burrismacomber.com
**Subject:** RE: Stangel v. Lindsay: Timing & 129(b)(6).

Hi Jeremy,

Thanks for the follow-up.

1. Timing

We calculate the same due dates. We propose stipulating to extending our response time by two weeks to December 31, which by my calculation puts your reply due date on January 15th. If that is acceptable, go ahead and draft a stipulation and proposed order for our review and approval.

2. Failure to State a Claim

> Ms. Stangel is not willing to dismiss her claims based on Arizona law. Thank you for the notification, but we were unaware of the intent to file the motion or any of its arguments until we were served with it. Since Mr. Lindsay did not notify Ms. Stangel of the issues asserted in the motion before filing the motion, he cannot now certify to having done so.
>
> Best,
> Trevor

---

**From:** Jeremy Shorbe <Jeremy@burrismacomber.com>
**Sent:** Friday, November 21, 2025 10:38 AM
**To:** Trevor Cook <trevor@silencelaw.com>
**Cc:** Burr@ShieldsPetitti.Com; Jeffrey Silence <jeff@silencelaw.com>; rob@burrismacomber.com; jolynn@burrismacomber.com
**Subject:** Stangel v. Lindsay: Timing & 129(b)(6).

Hello Trevor,

This email is to follow up the voicemail I just left hoping to talk about the following matters.

1. **Timing**:

   I see that our filing of the Motion to Dismiss ("MtD") for lack of jurisdiction on November 17, 2025, should (under local rule 12.1) trigger the same timing as rule 56 motions for summary judgment. According to my calculations that has Ms. Stangel's Response due December 17, 2025, and our Reply due January 1, 2026 (so, the 2nd of January).

   I wanted to see if you we could agree to extend the timeline for the due dates. I would be amenable to a different date for Ms. Stangel's response to a later date that would work for you. But we have a conflict with the January 2, 2026 Reply and—even if you'd like to leave your December 17th Response date intact—we're asking if we could please get a ten (10) day extension on the date for the Reply, to Monday, January 12, 2026.

   _Pleas advise how you would like to proceed and if you're amenable to our Reply being due on January 12, 2026_.

2. **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**:

   > I just wanted to consult with you regarding the portion of our MtD asking the Court to dismiss those claims based upon Arizona law for failure to state a claim. It is Mr. Lindsay's position that Texas law is the proper choice of law, and that as a result, the First Amended Complaint ("1AC") fails to state a claim for those claims relying on Arizona law. Our position is that, even if the facts were taken as true, the 1AC fails because it cites to the wrong authority (in addition to the Court lacking jurisdiction). If Ms. Stangel would agree to dismiss those claims relying on Arizona law, we would notify the Court that we were no longer asserting that basis for a motion to dismiss. Is that something that Ms. Stangel could agree to do? If not, we will proceed and file the consultation certificate with the Court stating that we broached the matter per Local Rule 12.1(c) and could not reach a ready agreement. If so, please just let us know.
   >
   > _Would Ms. Stangel be willing to dismiss those claims reliant upon Arizona law_?

Please feel free to call back or respond to this email as soon as conveniently possible and we'll proceed in accordance with the Parties' decisions and get the certificate or stipulation filed with the Court ASAP.

Thank You,

Jeremy Shorbe | Associate Attorney

**BURRIS & MACOMBER, PLLC**
ATTORNEYS AT LAW

2478 E. River Road | Tucson, Arizona 85718
T: (520) 775 2000    | F: (520) 775 2001

 www.burrismacomber.com

 jeremy@burrismacomber.com

CONFIDENTIALITY NOTICE:  This transmission is intended to be confidential and may be subject to attorney-client privilege.  If you receive this transmission in error, please click on reply and notify the sender.  Thank you.

*NOTE:  If you are a client, do not forward this email to anyone. Doing so may cause you to waive the attorney-client privilege.*

3