**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

**Shields Petitti & Zoldan, PLC**
**James Burr Shields**
Direct Dial : (602) 718-3331
Email: burr@shieldspetitti.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Stangel,<br><br>    Plaintiff,<br><br>   v.<br><br>Jeffery Lindsay,<br><br>    Defendant. | Case No. CV-25-00471-TUC-JCH<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND**<br><br>(Hon. John C. Hinderaker) |

### I.  Introduction

Defendant Jeffery Lindsay's reliance on the doctrine of judicial estoppel is misplaced because whether Plaintiff Cameron Stangel is party to the Lease Agreement[1] is not at issue in deciding this motion. The issue is whether Lindsay may be retaliating against Stangel. The Second Amended Complaint alleges that Lindsay continues to appeal the dismissal with prejudice of a baseless eviction action, which, if successful, would force Stangel out of and keep her from living in the Property. The Second Amended Complaint also alleges that Lindsay arranged for an inspection of the Property that, although lawful,

---

[1] This Reply uses the same defined terms as defined in Plaintiff's Motion for Leave to Amend [Doc. 12].

1 was not performed in good faith and was intended to intimidate Stangel and her partner in
2 retaliation for Stangel's claims against Lindsay.

3 Lindsay has not satisfied his burden of showing undue delay or bad faith on the part
4 of Stangel in her request to amend; nor does he show that the requested amendments create
5 undue prejudice against Lindsay or would be futile. Stangel's Motion for Leave to Amend
6 ("Motion"), therefore, should be granted.

## II. Relevant Facts

In his Response, Lindsay uses his "Relevant Facts" section to recite facts in support of his assertion that Stangel is not a party to the Lease Agreement and therefore is judicially estopped from asserting rights under the Lease Agreement. But Stangel has never alleged and does not seek to allege that she is a signatory to the Lease Agreement. *See, e.g.*, Mot. Ex. 1 [Doc. 12-1] at 4 ¶¶ 34–35 (alleging that Lindsay and Reichert signed the Lease Agreement). She does not need to be a signatory to the Lease Agreement to suffer retaliation from Lindsay's actions.

The Justice Court dismissed Lindsay's eviction against Reichert with prejudice before Stangel filed her complaint in this action. *See* Mot. Ex. 1 [Doc. 12-1] at 13: ¶¶ 148–155. Stangel sought to amend her complaint to add a claim for retaliation only after Lindsay conducted a retaliatory inspection, *see* Mot. Ex. 1 [Doc. 12-1] at 15–16 ¶¶ 167–177 (alleging inspection date and description), and briefing in the retaliatory eviction appeal had commenced, *see* Resp. Mot. Ex. B at 1:14–20 [Doc. 14-1 at 23:14–20] (noting briefing in response to court order of Dec. 19, 2025). She made clear in her Motion that her retaliation claims under the Arizona minimum wage and paid sick leave statutes accrued only after she filed her Complaint. *See* Mot. [Doc. 12] at 5:18–23.

## III. Argument

### A. Stangel is not Judicially Estopped from Pursuing Retaliation Claims, and the Retaliation She Alleges Is Independent of Whether She Is a Party to the Lease Agreement.

Stangel has never alleged and does not seek to allege that she is party to the Lease Agreement. Therefore, whether Stangel is judicially estopped from asserting she has

2

1 tenant's rights under the Lease Agreement is irrelevant to her request to amend her
2 complaint. All Lindsay's objections based on judicial estoppel therefore fail. Stangel does
3 not have to be a party to the Lease Agreement to suffer retaliation through Lindsay's
4 exercise of his authority under it. Whether she did suffer such retaliation is a fact question
5 to be tried on the merits, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), not litigated
6 through briefing on a motion for leave to amend.

7 Arizona Revised Statutes Section 23-364.B provides that, "No employer or other
8 person shall . . . subject any person to retaliation for asserting any claim . . . under [the
9 Arizona minimum wage and earned paid sick time statutes]." Subsection A defines
10 "retaliation" in relevant part as "any other adverse action against an employee [including
11 former employees, *see* A.R.S. § 23-362.A,] for the exercise of any right guaranteed [under
12 the statutes]" and "interference with or punishment for in any manner participating in or
13 assisting in a[] . . . proceeding under [the Arizona minimum wage and earned paid sick
14 time statutes]." *See also* A.R.S. § 23-371.E (adopting same employee definition as
15 § 23-362).

16 Stangel has always alleged she is an employee under the statutes under which her
17 proposed retaliations claims accrue. *See* Compl. [Doc. 1] at 1–2 ¶ 3. After she amended
18 her complaint as a matter of course only to modify the relief she sought, *see* redlined FAC
19 [Doc. 7-1] at 12, 14, 16–18, she experienced what she alleges to be retaliation from
20 Lindsay for filing her claims, including the statutory claims under which her proposed
21 retaliation claims accrue. *See* Mot. Ex. 1 [Doc. 12-1] at 13–16 ¶¶ 161–81 (describing
22 retaliatory inspection and proceeding with baseless appeal). Stangel alleges additional
23 facts—including some she knew when she filed her initial complaint—that are required to
24 support her new retaliation claims. *See* Mot. Ex. 1 [Doc. 12-1] at 3 ¶ 25 and 4 ¶¶ 32–47
25 (circumstances of execution and interrelationship between Employment and Lease
26 Agreements showing Lindsay's intent and knowledge Stangel reside at the Property,
27 regardless of whether she is a party to the Lease Agreement), 12–13 ¶¶ 137–54 (alleging
28 retaliatory motive for eviction action to show pattern of retaliation supportive of Stangel's

SILENCE LAW GROUP

claims that Lindsay's later actions were also retaliatory), 13–16 ¶¶ 161–177 (alleging details of inspection to support the retaliation claim—regardless of Stangel's status under the lease).

Stangel alleges facts that support her retaliation claims independently of whether she was party to the Lease Agreement. Because Stangel alleges facts and circumstances that are the "proper subject of relief," "[s]he ought to be afforded an opportunity to test [her] [retaliation] claims on the merits." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B.   The Court Should Grant Leave to Amend under the *Foman* Standard.

In his Response [Doc. 14], Lindsay fails to show undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility of amendment that would justify this Court's denial of Stangel's Motion, *see Foman*, 371 U.S. at 182, even when taking into account her previous amendment, *see Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025) (noting courts should also consider previous amendment).

#### 1.   Granting Leave to Amend Will Not Cause Lindsay Undue Prejudice

Lindsay cites *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) for the proposition that the Ninth Circuit upheld denial of leave to amend "due to wide expansions of litigation costs and time caused by the new theories." Resp. at 11:24–12:2. But in *Jackson*, the Plaintiffs had attempted to amend their complaint to bring new claims eight months after the defendants renewed dispositive motions, almost one full year after the close of discovery, and almost a year and a half after filing their original complaint. *See Jackson*, 902 F.2d at 1386–87.

Here, Stangel filed her original complaint approximately five months ago, Lindsay's motion to dismiss has not been fully briefed, and there is no scheduling order. Courts within the jurisdiction of the Ninth Circuit usually evaluate prejudice in the context of granting leave to amend "in terms of, *e.g.*, whether discovery cut-offs have passed, how close trial is, and so forth." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013). On these terms, the amendment will not prejudice Lindsay.

1    Lindsay argues that the proposed amended complaint "will expand the scope of the
2 argumentation in the [Motion to Dismiss]," Resp. at 12:3–6, but it will not. In her response
3 to the motion, already filed at [Doc. 13], Stangel was "obligated to come forward with
4 facts, by affidavit or otherwise, supporting personal jurisdiction." *See Travelers Cas. &*
5 *Sur. Co. of Amer. v. Telstar Const. Co.*, 252 F. Supp. 2d 917, 922 (D. Ariz. 2003). She did.
6 *See* Mot. Exhibits [Doc. 13-1]. Stangel was not limited to providing, and the Court is not
7 limited to considering, only jurisdictional facts alleged in Stangel's operative pleading.
8 *C.f. B.A.D.J. v. United States*, No. CV-21-00215-PHX-SMB, 2022 WL 11631016, at *2
9 (D. Ariz. Sept. 30, 2022) (making the same observation for the same reasons when
10 evaluating subject-matter jurisdiction).

11    So, Stangel provided jurisdictional facts that are relevant to the new claims in her
12 proposed Second Amended Complaint. *See* Resp. Mot. Dismiss [Doc. 13] at 2:10–4:14
13 (reciting facts provided in supporting evidence as [Doc. 13-1]). She could and would have
14 provided those jurisdictional facts regardless of whether she sought to amend her
15 complaint. Therefore, whether the Court grants Stangel leave to file her Second Amended
16 Complaint has no bearing on the scope of the mostly-completed briefing on the motion to
17 dismiss.

18    Lindsay asserts that granting Stangel leave to amend "would deeply prejudice Mr.
19 Lindsay's ability to lawfully exercise his landlord rights and obligations without being
20 punished for 'retaliation' in this action," Resp. at 12:14–15, but does not explain how.
21 Instead, he disputes the supporting facts sought to be alleged, *id.* at 12:15–23, which
22 should be saved for his response to the amended pleading.

23    Lindsay's argument that granting leave to amend would somehow prejudice him
24 because his counsel might have to serve as witnesses, *see* Resp. at 12:24–13:4, is not
25 persuasive. First, the reasons for any potential disqualification will be balanced against
26 hardship to Lindsay to protect him. *See* R. Sup. Ct. Ariz. 42 ER 3.7(a)(3) and cmt. [4]. In
27 general, having a member of a law firm be a witness in a case does not prevent that law
28 firm from representing the client, especially when, as here, their involvement is fairly

SILENCE LAW GROUP

5

1  limited. Second, to the extent such prejudice exists, Lindsay invited it by choosing to have
2  his law perform the inspection. As this Court has said, "[i]t would be perverse to prevent
3  amendment when the party opposing the amendment is largely responsible for the
4  prejudice." *EEOC v. AutoNation USA Corp.*, No. CV 05-1575-PHX-ROS, 2007 WL
5  9724419, at *3 (D. Ariz. May 3, 2007).

### 2.  Granting Leave to Amend Will not Cause Undue Delay

7   Once again, Lindsay cites to *Jackson*, 902 F.2d at 1388, for the proposition that
8  "[r]elevant to evaluating the delay issue is whether the moving party knew or should have
9  known the facts and theories raised by the amendment in the original pleading." Resp. at
10 13:15–17. The *Jackson* court made this pronouncement in deciding a motion for leave to
11 amend filed over a year and a half after the original complaint and after dispositive motions
12 had been renewed. *See Jackson*, 902 F.2d at 1386–87.

13  Lindsay performed the retaliatory inspection after the First Amended Complaint
14 was filed. Although he initiated the eviction action before the First Amended Complaint
15 was filed, he continues to pursue a baseless appeal as an act of retaliation against Stangel.
16 Although Stangel proposes the addition of factual allegations she knew of when she filed
17 her earlier complaints, those allegations, as described in section III.A, above, are all in
18 support of the new retaliation claims and were not necessary to support her original claims.

### 3.  Stangel Has not Sought Leave to Amend in Bad Faith or with a Wrongful Motive

20  Stangel does not seek through her proposed amendments to "[e]xpand the exposure
21 of Mr. Lindsay for undertaking prudent and lawful means to exercise his rights and duties
22 as landlord," Resp. at 14:12–14. Rather, she alleges that he exercised his rights as a
23 landlord in a manner designed to intimidate and retaliate against her for filing claims
24 against him for failure to pay sick time and Arizona minimum wage. Whether Lindsay
25 actually retaliated against her for filing these claims is a question of fact for the jury.

26  Stangel has explained in Section III.B.1, above, how her Motion for leave to amend
27 is independent of the briefing for Lindsay's motion to dismiss. So, Lindsay's argument of

SILENCE LAW GROUP

1 bad faith based on the accusation that Stangel seeks by her Motion to "supplement" her
2 response to the motion to dismiss also fails.

### 4. The Second Amended Complaint Is Not Futile.

The Ninth Circuit has "held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for [her] failure to fully develop [her] contentions originally." *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). But Stangel has alleged new facts about events occurring after she filed her first amended complaint. *See, e.g.*, Mot. Ex. 1 [Doc. 12-1] at 13–15 ¶¶ 161–77 (alleging the circumstances of the inspection). And she explained that her initial pleas did not address those claims because they had not accrued, s*ee* Mot. [Doc. 12] at 5:15–23, 6:9–14, 7:9–11, 7:18–19. Thus, the supporting factual allegations—both those known at the time and those that occurred later—were not necessary in the earlier complaints.

Lindsay's argument that the new claims are frivolous, Resp. at 15:21–16:3, fails because it relies on Stangel asserting possessory rights under the Lease Agreement, which she has not asserted and does not assert. Lindsays predictions of what "the law will vindicate," Resp. at 16:4–25, are speculative and irrelevant to the Motion for Leave to Amend. Justice requires that Stangel have the opportunity to test her new allegations on their merits – not through a Motion to Amend. *See* Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182.

### IV. Conclusion

Lindsay has shown no reason why the Court should deny Stangel's Motion for Leave to Amend. The Court should therefore grant Stangel's Motion.

RESPECTFULLY SUBMITTED this 8th day of January, 2026.

**Silence Law Group PLLC**

<u>*/S/ Trevor Cook*</u>
Jeffrey Silence
James Burr Shields
Trevor Cook

*Attorneys for Plaintiff*

8