**Ross P. Meyer (028473)**
Ross@EnaraLaw.com
**Morgan E. Silva (039166)**
Morgan@EnaraLaw.com
**Enara Law PLLC**
2150 E. Highland Ave., Suite 212
Phoenix, AZ 85016
Telephone: (602) 687-2010
Filings@EnaraLaw.com
*Attorneys for Defendant Jeffery Lindsay*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Cameron Stangel,<br><br>Plaintiff,<br><br>v.<br><br>Jeffery Lindsay,<br><br>Defendant. | Case No. CV-2025-00471-TUC-JCH<br><br>**JEFFERY LINDAY'S ANSWER TO THIRD AMENDED COMPLAINT (DOC. 30) AND COUNTERCLAIMS**<br><br>(Assigned to the Hon. John C. Hinderaker) |

Defendant Jeffery Lindsay ("Mr. Lindsay") answers the Third Amended Complaint (Doc. 30) ("TAC") of Plaintiff Cameron Stangel ("Plaintiff") as follows. Mr. Lindsay answers subject to, and without waiving, his objections to personal jurisdiction and venue raised in his Motion to Dismiss (Doc. 8), which he preserves. Mr. Lindsay denies every allegation that is not expressly admitted below, including any allegation in the TAC's headings, unnumbered paragraphs, and prayer for relief.

**Parties and Jurisdiction**

1. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 1 of Plaintiff's TAC and therefore denies such allegations at this time.

2. Defendant admits the allegations in Paragraph 2 of Plaintiff's TAC.

3. Defendant denies the allegations in Paragraph 3 of Plaintiff's TAC, including subparagraphs A through C. Mr. Lindsay was not Plaintiff's "employer" under A.R.S. §§ 23-362, 23-371, or 23-1501. Rather, Plaintiff provided services to Mr. Lindsay under the Personal Travel Coordinator Service Agreement (the "Service Agreement").

4. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 4 of Plaintiff's TAC and therefore denies such allegations at this time.

5. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 5 of Plaintiff's TAC and therefore denies such allegations at this time.

**Stangel Meets Lindsay**

6. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 6 of Plaintiff's TAC and therefore denies such allegations at this time.

7. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 7 of Plaintiff's TAC and therefore denies such allegations at this time.

8. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 8 of Plaintiff's TAC and therefore denies such allegations at this time.

9. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 9 of Plaintiff's TAC and therefore denies such allegations at this time.

10. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 10 of Plaintiff's TAC and therefore denies such allegations at this time.

11. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 11 of Plaintiff's TAC and therefore denies such allegations at this time.

12. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 12 of Plaintiff's TAC and therefore denies such allegations at this time.

13. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 13 of Plaintiff's TAC and therefore denies such allegations at this time.

14. Defendant admits the allegations in Paragraph 14 of Plaintiff's TAC.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's TAC.

16. Defendant admits the allegations in Paragraph 16 of Plaintiff's TAC.

17. Defendant admits the allegations in Paragraph 17 of Plaintiff's TAC.

18. Defendant admits the allegations in Paragraph 18 of Plaintiff's TAC.

19. Defendant admit the allegations in Paragraph 19 of Plaintiff's TAC.

20. Defendant admits the allegations in Paragraph 20 of Plaintiff's TAC.

21. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 21 of Plaintiff's TAC and therefore denies such allegations at this time.

22. Defendant admits the allegations in Paragraph 22 of Plaintiff's TAC.

**Stangel and Lindsay Negotiate and Execute the Employment Agreement, and Stangel Moves to Bisbee**

23. Defendant admits the allegations in Paragraph 23 of Plaintiff's TAC in so far as Defendant texted Plaintiff on or about April 3, 2024, about providing travel coordination services, and therefore denies the remaining allegations.

24. Defendant admits the allegations in Paragraph 24 of Plaintiff's TAC.

25. Defendant admits the allegations in Paragraph 25 of Plaintiff's TAC.

26. Defendant admits the allegations in Paragraph 26 of Plaintiff's TAC in so far as Defendant and Plaintiff signed the Service Agreement on April 12, 2024, and that Exhibit A to the TAC appears to be a copy of it. Mr. Lindsay affirmatively alleges that Plaintiff drafted the Service Agreement. Mr. Lindsay denies that is an "Employment Agreement" and denies the remaining allegations.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's TAC in so far as the parties signed a Service Agreement, not an "Employment Agreement." Mr. Lindsay affirmatively alleges that the Service Agreement conditioned transfer of the Property on Plaintiff's performance of the services for which the Property was the agreed compensation.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's TAC in so far as the parties signed a Service Agreement, not an "Employment Agreement." Mr. Lindsay affirmatively alleges that the Service Agreement conditioned transfer of the Property on Plaintiff's performance of the services for which the Property was the agreed compensation.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's TAC in so far as the parties signed a Service Agreement, not an "Employment Agreement." Mr. Lindsay affirmatively alleges that the Service Agreement conditioned transfer of the Property on Plaintiff's performance of the services for which the Property was the agreed compensation.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's TAC in so far as the parties signed a Service Agreement, not an "Employment Agreement." Mr. Lindsay affirmatively alleges that the Service Agreement conditioned transfer of the Property on Plaintiff's performance of the services for which the Property was the agreed compensation.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's TAC in so far as the parties signed a Service Agreement, not an "Employment Agreement." Mr. Lindsay admits the remaining allegations of Paragraph 31.

32. Defendant admits the allegations in Paragraph 32 of Plaintiff's TAC.

33. Defendant admits the allegations in Paragraph 33 of Plaintiff's TAC.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's TAC.

35. Defendant admits the allegations in Paragraph 35 of Plaintiff's TAC.

36. Defendant admits the allegations in Paragraph 36 of Plaintiff's TAC in so far as the Service Agreement contains the language quoted or described. The Service Agreement speaks for itself, and Defendant denies any allegation or characterization inconsistent with its terms. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

37. Defendant admits the allegations in Paragraph 37 of Plaintiff's TAC in so far as the Service Agreement contains the language quoted or described. The Service Agreement speaks for itself, and Defendant denies any allegation or characterization inconsistent with its terms.

38. Defendant admits the allegations in Paragraph 38 of Plaintiff's TAC in so far as the Service Agreement contains the language quoted or described. The Service

Agreement speaks for itself, and Defendant denies any allegation or characterization inconsistent with its terms. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

39. Defendant admits the allegations in Paragraph 39 of Plaintiff’s TAC in so far as the Service Agreement contains the language quoted or described. The Service Agreement speaks for itself, and Defendant denies any allegation or characterization inconsistent with its terms.

40. Defendant admits the allegations in Paragraph 40 of Plaintiff's TAC in so far as the Service Agreement provides that Plaintiff's duties "will be paused unless the Travel Coordinator is home planning the next trip." Defendant denies the remaining allegations in Paragraph 40 of Plaintiff's Third Amended Complaint. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

41. Defendant admits the allegations in Paragraph 41 of Plaintiff's TAC in so far as the Service Agreement provides that Plaintiff's duties "will be paused unless the Travel Coordinator is home planning the next trip." Defendant denies the remaining allegations in Paragraph 41 of Plaintiff's Third Amended Complaint. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

42. Defendant admits the allegations in Paragraph 42 of Plaintiff's TAC in so far as the Service Agreement provides that Plaintiff's duties "will be paused unless the

Travel Coordinator is home planning the next trip." Defendant denies the remaining allegations in Paragraph 42 of Plaintiff's Third Amended Complaint. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee. Defendant specifically denies that the Service Agreement required Plaintiff to live at or work from the Property. Defendant is without sufficient information or knowledge to respond to the allegation that “home” meant the Property.

43. Defendant admits the allegations in Paragraph 43 of Plaintiff's TAC in so far as the purchase documents contains the language quoted or described. The purchase documents speak for themselves, and Defendant denies any allegation or characterization inconsistent with their terms.

44. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 44 of Plaintiff’s TAC and therefore denies such allegations at this time.

45. Defendant admits the allegations in Paragraph 45 of Plaintiff’s TAC in so far as in early June 2024 Plaintiff flew to Tucson after a trip. Defendant is without sufficient information or knowledge to respond to the remaining allegations in Paragraph 45 of Plaintiff’s TAC and therefore denies such allegations at this time.

46. Defendant admits the allegations in Paragraph 46 of Plaintiff’s TAC in so far as Plaintiff told Defendant in June 2024 that she had returned home. Defendant denies the remaining allegations in Paragraph 46 of Plaintiff’s TAC. Defendant is without sufficient information or knowledge to respond to the allegation that “home” meant the Property.

47. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 47 of Plaintiff's TAC and therefore denies such allegations at this time. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

48. Defendant admits the allegations in Paragraph 48 of Plaintiff's TAC in so far as the Service Agreement contains the language quoted or described. The Service Agreement speaks for itself, and Defendant denies any allegation or characterization inconsistent with its terms. Defendant further states that the provision reaches only expenses "associated with the Travel Coordinator position." Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

49. Defendant admits the allegations in Paragraph 49 of Plaintiff's TAC in so far as an additional card on the Angeles Ranch LLC American Express account was issued in Plaintiff's name to pay expenses associated with her services. Defendant denies the remaining allegations in Paragraph 49 of Plaintiff's Third Amended Complaint. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

50. Defendant admits the allegations in Paragraph 50 of Plaintiff's TAC in so far as Defendant gave Plaintiff cash for expenses associated with her services, including approximately $10,000.00 in or about April 2024 and additional cash before the Trip. Defendant denies the remaining allegations in Paragraph 50 of Plaintiff's Third Amended Complaint. Defendant specifically denies that the Personal Travel Coordinator Service

Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

51. Defendant admits the allegations in Paragraph 51 of Plaintiff's TAC in so far as Plaintiff performed some travel coordination services between April and September 2024. Defendant denies the remaining allegations in Paragraph 51 of Plaintiff's Third Amended Complaint. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

52. Defendant admits the allegations in Paragraph 52 of Plaintiff's TAC in so far as Defendant told Plaintiff she could buy a limited amount of clothing as mementos of the countries visited on the Four Seasons Trip. Defendant denies the remaining allegations in Paragraph 52 of Plaintiff's Third Amended Complaint.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's TAC.

54. Defendant denies the allegations in Paragraph 54 of Plaintiff's TAC.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's TAC.

56. Defendant admits the allegations in Paragraph 56 of Plaintiff's TAC in so far as Plaintiff sent some expense information to Defendant's assistant, Crystal Slade. Defendant is without sufficient information or knowledge to respond to the remaining allegations in Paragraph 56 of Plaintiff's TAC and therefore denies such allegations at this time. Defendant specifically denies that Plaintiff identified her personal purchases as personal in the information she submitted.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's TAC. On April 15, 2024, Defendant told Plaintiff in writing that the Service Agreement did not require her to travel with him, and Plaintiff agreed.

**<u>The Trip</u>**

58. Defendant admits the allegations in Paragraph 58 of Plaintiff's TAC in so far as Plaintiff coordinated portions of the Four Seasons private jet trip taken by Defendant, Plaintiff and two (2) of Defendant's friends (the "Trip"). Defendant denies the remaining allegations in Paragraph 58 of Plaintiff's TAC.

59. Defendant admits the allegations in Paragraph 59 of Plaintiff's TAC.

60. Defendant admits the allegations in Paragraph 60 of Plaintiff's TAC in so far as Plaintiff joined the Trip. Defendant denies the remaining allegations in Paragraph 60 of Plaintiff's TAC. Defendant specifically denies that Plaintiff was required to join the Trip. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

61. Defendant denies the allegations in Paragraph 61 of Plaintiff's TAC.

62. Defendant denies the allegations in Paragraph 62 of Plaintiff's TAC.

63. Defendant denies the allegations in Paragraph 63 of Plaintiff's TAC.

64. Defendant denies the allegations in Paragraph 64 of Plaintiff's TAC.

65. Defendant denies the allegations in Paragraph 65 of Plaintiff's TAC.

66. Defendant denies the allegations in Paragraph 66 of Plaintiff's TAC.

67. Defendant denies the allegations in Paragraph 67 of Plaintiff's TAC.

68. Defendant denies the allegations in Paragraph 68 of Plaintiff's TAC.

69. Defendant denies the allegations in Paragraph 69 of Plaintiff's TAC.

70. Defendant denies the allegations in Paragraph 70 of Plaintiff's TAC.

71. Defendant admits the allegations in Paragraph 71 of Plaintiff's TAC in so far as during the Trip Defendant raised with Plaintiff charges that were not authorized expenses under the Service Agreement. Defendant denies the remaining allegations in Paragraph 71 of Plaintiff's TAC. Defendant specifically denies that Plaintiff was required

to join the Trip. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

72. Defendant denies the allegations in Paragraph 72 of Plaintiff's TAC. Defendant specifically denies that Plaintiff was required to join the Trip. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

73. Defendant admits the allegations in Paragraph 73 of Plaintiff's TAC in so far as Defendant asked Plaintiff for documentation of her charges. Defendant denies the remaining allegations in Paragraph 73 of Plaintiff's TAC.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's TAC.

75. Defendant admits the allegations in Paragraph 75 of Plaintiff's TAC in so far as Plaintiff gave Defendant a stack of printed papers. Defendant denies the remaining allegations in Paragraph 75 of Plaintiff's TAC. Defendant specifically denies that the papers were complete expense reports. Defendant further states that he reviewed the papers over several days before raising the unauthorized charges with Plaintiff.

76. Defendant admits the allegations in Paragraph 76 of Plaintiff's TAC in so far as Defendant told Plaintiff that she owed him for charges that were not authorized under the Service Agreement. Defendant denies the remaining allegations in Paragraph 76 of Plaintiff's TAC. Defendant specifically denies that the papers were complete expense reports. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's TAC.

78. Defendant denies the allegations in Paragraph 78 of Plaintiff's TAC.

79. Defendant denies the allegations in Paragraph 79 of Plaintiff's TAC.

80. Defendant denies the allegations in Paragraph 80 of Plaintiff's TAC.

81. Defendant denies the allegations in Paragraph 81 of Plaintiff's TAC.

82. Defendant denies the allegations in Paragraph 82 of Plaintiff's TAC.

83. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 83 of Plaintiff's TAC and therefore denies such allegations at this time.

84. Defendant admits the allegations in Paragraph 84 of Plaintiff's TAC in so far as on or about September 11, 2024, Defendant and Plaintiff discussed the unauthorized charges. Defendant denies the remaining allegations in Paragraph 84 of Plaintiff's TAC.

85. Defendant admits the allegations in Paragraph 85 of Plaintiff's TAC in so far as Defendant retrieved the card from Plaintiff during the Trip. Defendant denies the remaining allegations in Paragraph 85 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

86. Defendant denies the allegations in Paragraph 86 of Plaintiff's TAC.

87. Defendant denies the allegations in Paragraph 87 of Plaintiff's TAC.

88. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 88 of Plaintiff's TAC and therefore denies such allegations at this time.

89. Defendant denies the allegations in Paragraph 89 of Plaintiff's TAC.

90. Defendant admits the allegations in Paragraph 90 of Plaintiff's TAC in so far as on or about September 12, 2024, Defendant asked Plaintiff to return the cash he had

given her for Trip expenses. Defendant denies the remaining allegations in Paragraph 90 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

91. Defendant admits the allegations in Paragraph 91 of Plaintiff's TAC in so far as Plaintiff returned cash to Defendant. Defendant denies the remaining allegations in Paragraph 91 of Plaintiff's TAC. Defendant further states that Plaintiff's lodging and travel on the Trip had been paid for, and that after the cash was returned, Defendant offered Plaintiff $500.00 in spending money through another Trip participant, which Plaintiff declined.

92. Defendant admits the allegations in Paragraph 92 of Plaintiff's TAC.

93. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 93 of Plaintiff's TAC and therefore denies such allegations at this time.

94. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 94 of Plaintiff's TAC and therefore denies such allegations at this time.

95. Defendant denies the allegations in Paragraph 95 of Plaintiff's TAC. To the extent any such statement was made, it was made in jest and was not a genuine request. Defendant specifically denies Plaintiff's characterization of any such statement.

96. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 96 of Plaintiff's TAC and therefore denies such allegations at this time.

97. Defendant admits the allegations in Paragraph 97 of Plaintiff's TAC in so far as Plaintiff send Defendant a text message containing the the name and address of a

bar in Bangkok. Defendant denies Plaintiff's characterization of that message. Defendant is without sufficient information or knowledge to respond to the remaining allegations in Paragraph 97 of Plaintiff's TAC and therefore denies such allegations at this time.

98. Defendant denies the allegations in Paragraph 98 of Plaintiff's TAC.

99. Defendant denies the allegations in Paragraph 99 of Plaintiff's TAC.

100. Defendant denies the allegations in Paragraph 100 of Plaintiff's TAC.

101. Defendant denies the allegations in Paragraph 101 of Plaintiff's TAC.

102. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 102 of Plaintiff's TAC and therefore denies such allegations at this time.

103. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 103 of Plaintiff's TAC and therefore denies such allegations at this time.

104. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 104 of Plaintiff's TAC and therefore denies such allegations at this time.

105. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 105 of Plaintiff's TAC and therefore denies such allegations at this time.

106. Defendant admits the allegations in Paragraph 106 of Plaintiff's TAC in so far as Defendant called Plaintiff and asked whether he could come to her room. Defendant further states that Plaintiff agreed.

107. Defendant denies the allegations in Paragraph 107 of Plaintiff's TAC.

108. Defendant denies the allegations in Paragraph 108 of Plaintiff's TAC.

109. Defendant denies the allegations in Paragraph 109 of Plaintiff's TAC.

110. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 110 of Plaintiff's TAC and therefore denies such allegations at this time.

111. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 111 of Plaintiff's TAC and therefore denies such allegations at this time.

112. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 112 of Plaintiff's TAC and therefore denies such allegations at this time.

113. Defendant admits the allegations in Paragraph 113 of Plaintiff's TAC.

114. Defendant denies the allegations in Paragraph 114 of Plaintiff's TAC.

115. Defendant denies the allegations in Paragraph 115 of Plaintiff's TAC.

116. Defendant denies the allegations in Paragraph 116 of Plaintiff's TAC.

117. Defendant denies the allegations in Paragraph 117 of Plaintiff's TAC.

118. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 118 of Plaintiff's TAC and therefore denies such allegations at this time.

119. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 119 of Plaintiff's TAC and therefore denies such allegations at this time.

120. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 120 of Plaintiff's TAC and therefore denies such allegations at this time.

121. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 121 of Plaintiff's TAC and therefore denies such allegations at this time.

122. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 122 of Plaintiff's TAC and therefore denies such allegations at this time.

123. Defendant denies the allegations in Paragraph 123 of Plaintiff's TAC.

124. Defendant denies the allegations in Paragraph 124 of Plaintiff's TAC.

125. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 125 of Plaintiff's TAC and therefore denies such allegations at this time.

126. Defendant admits the allegations in Paragraph 126 of Plaintiff's TAC in so far as Defendant asked Plaintiff whether she would show him the clothing she had purchased with funds he provided. Defendant denies the remaining allegations in Paragraph 126 of Plaintiff's TAC.

127. Defendant denies the allegations in Paragraph 127 of Plaintiff's TAC.

128. Defendant denies the allegations in Paragraph 128 of Plaintiff's TAC.

129. Defendant admits the allegations in Paragraph 129 of Plaintiff's TAC in so far as Defendant left Plaintiff's room. Defendant denies the remaining allegations in Paragraph 129 of Plaintiff's TAC.

130. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 130 of Plaintiff's TAC and therefore denies such allegations at this time.

131. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 131 of Plaintiff's TAC and therefore denies such allegations at this time.

132. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 132 of Plaintiff's TAC and therefore denies such allegations at this time.

133. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 133 of Plaintiff's TAC and therefore denies such allegations at this time.

134. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 134 of Plaintiff's TAC and therefore denies such allegations at this time.

135. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 135 of Plaintiff's TAC and therefore denies such allegations at this time.

136. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 136 of Plaintiff's TAC and therefore denies such allegations at this time.

137. Defendant admits the allegations in Paragraph 137 of Plaintiff's TAC in so far as on or about the evening of September 12, 2024, Defendant called and attended a meeting with Plaintiff and Four Seasons staff members Susan Cegavske and Javier Loureiro. Defendant denies the remaining allegations in Paragraph 137 of Plaintiff's TAC.

138. Defendant admits the allegations in Paragraph 138 of Plaintiff's TAC.

139. Defendant denies the allegations in Paragraph 139 of Plaintiff's TAC.

140. Defendant admits the allegations in Paragraph 140 of Plaintiff's TAC in so far as Defendant described calling Plaintiff before going to her room and asking to see her purchases, and Plaintiff agreed that his account was accurate. Defendant denies the remaining allegations in Paragraph 140 of Plaintiff's TAC.

141. Defendant denies the allegations in Paragraph 141 of Plaintiff's TAC. Defendant specifically denies that he tasked Plaintiff with finding opium or prostitutes. To the extent any such statement was made, it was made in jest and was not a genuine request. Defendant specifically denies Plaintiff's characterization of any such statement.

142. Defendant admits the allegations in Paragraph 142 of Plaintiff's TAC in so far as Defendant told Plaintiff that the Service Agreement was at an end. Defendant denies the remaining allegations in Paragraph 142 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

143. Defendant denies the allegations in Paragraph 143 of Plaintiff's TAC. Plaintiff's prior material breaches of the Service Agreement excused Defendant's further performance. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

144. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 144 of Plaintiff's TAC and therefore denies such allegations at this time.

145. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 145 of Plaintiff's TAC and therefore denies such allegations at this time.

146. Defendant admits the allegations in Paragraph 146 of Plaintiff's TAC in so far as Plaintiff remained on the Trip through its conclusion in September 2024. Defendant is without sufficient information or knowledge to respond to the remaining allegations in Paragraph 146 of Plaintiff's TAC and therefore deny such allegations at this time. Defendant specifically denies that Plaintiff was an employee who was "terminated" and denies that the Trip ended on September 24, 2025.

147. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 147 of Plaintiff's TAC and therefore denies such allegations at this time.

148. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 148 of Plaintiff's TAC and therefore denies such allegations at this time.

149. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 149 of Plaintiff's TAC and therefore denies such allegations at this time.

150. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 150 of Plaintiff's TAC and therefore denies such allegations at this time.

151. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 151 of Plaintiff's TAC and therefore denies such allegations at this time.

152. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 152 of Plaintiff's TAC and therefore denies such allegations at this time.

153. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 153 of Plaintiff's TAC and therefore denies such allegations at this time.

154. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 154 of Plaintiff's TAC and therefore denies such allegations at this time.

155. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 155 of Plaintiff's TAC and therefore denies such allegations at this time.

156. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 156 of Plaintiff's TAC and therefore denies such allegations at this time.

157. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 157 of Plaintiff's TAC and therefore denies such allegations at this time.

158. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 158 of Plaintiff's TAC and therefore denies such allegations at this time.

159. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 159 of Plaintiff's TAC and therefore denies such allegations at this time.

160. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 160 of Plaintiff's TAC and therefore denies such allegations at this time.

161. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 161 of Plaintiff's TAC and therefore denies such allegations at this time.

162. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 162 of Plaintiff's TAC and therefore denies such allegations at this time.

163. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 163 of Plaintiff's TAC and therefore denies such allegations at this time.

164. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 164 of Plaintiff's TAC and therefore denies such allegations at this time.

165. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 165 of Plaintiff's TAC and therefore denies such allegations at this time.

166. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 166 of Plaintiff's TAC and therefore denies such allegations at this time.

167. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 167 of Plaintiff's TAC and therefore denies such allegations at this time.

168. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 168 of Plaintiff's TAC and therefore denies such allegations at this time.

169. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 169 of Plaintiff's TAC and therefore denies such allegations at this time.

170. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 170 of Plaintiff's TAC and therefore denies such allegations at this time.

171. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 171 of Plaintiff's TAC and therefore denies such allegations at this time.

172. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 172 of Plaintiff's TAC and therefore denies such allegations at this time.

173. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 173 of Plaintiff's TAC and therefore denies such allegations at this time.

174. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 174 of Plaintiff's TAC and therefore denies such allegations at this time.

175. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 175 of Plaintiff's TAC and therefore denies such allegations at this time.

176. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 176 of Plaintiff's TAC and therefore denies such allegations at this time.

177. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 177 of Plaintiff's TAC and therefore denies such allegations at this time.

178. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 178 of Plaintiff's TAC and therefore denies such allegations at this time.

179. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 179 of Plaintiff's TAC and therefore denies such allegations at this time.

180. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 180 of Plaintiff's TAC and therefore denies such allegations at this time.

181. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 181 of Plaintiff's TAC and therefore denies such allegations at this time.

**Lindsay Retaliated Against Stangel for Filing Her Claims Against Him**

182. Defendant admits the allegations in Paragraph 182 of Plaintiff's TAC in so far as on or about September 26, 2024, Defendant sent Plaintiff a text message reading "DO YOU WANT TO TALK OR USE THE AMENDMENT CLAUSE……" The text speaks for itself. Defendant denies the remaining allegations in Paragraph 182 of Plaintiff's TAC.

183. Defendant admits the allegations in Paragraph 183 of Plaintiff's TAC.

184. Defendant admits the allegations in Paragraph 184 of Plaintiff's TAC in so far as on or about September 28, 2024, Defendant sent Plaintiff the text message quoted

in Paragraph 184 of Plaintiff's TAC. Defendant denies the remaining allegations in Paragraph 184 of Plaintiff's TAC.

185. Defendant admits the allegations in Paragraph 185 of Plaintiff's TAC

186. Defendant admits the allegations in Paragraph 186 of Plaintiff's TAC in so far as on or about September 29, 2024, Defendant sent Plaintiff the text message quoted in Paragraph 186 of Plaintiff's TAC. Defendant denies the remaining allegations in Paragraph 186 of Plaintiff's TAC.

187. Defendant admits the allegations in Paragraph 187 of Plaintiff's TAC

188. Defendant admits the allegations in Paragraph 188 of Plaintiff's TAC in so far as in October 2024 Defendant paid the 2024 property taxes on the Property, which were Plaintiff's obligation under the Service Agreement and Reichert's obligation under the Lease, and which neither of them had paid. Defendant denies the remaining allegations in Paragraph 188 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

189. Defendant admits the allegations in Paragraph 189 of Plaintiff's TAC in so far as in November 2024 Defendant, through his assistant, paid a premium for the insurance on the Property to ensure that the Property remained insured. Defendant denies the remaining allegations in Paragraph 189 of Plaintiff's TAC.

190. Defendant admits the allegations in Paragraph 190 of Plaintiff's TAC in so far as Plaintiff's counsel sent Defendant a demand letter dated December 6, 2024. The letter speaks for itself. Defendant denies the remaining allegations in Paragraph 190 of Plaintiff's TAC. Defendant specifically denies that Plaintiff's claims have merit.

191. Defendant admits the allegations in Paragraph 191 of Plaintiff's TAC

192. Defendant admits the allegations in Paragraph 192 of Plaintiff's TAC

193. Defendant admits the allegations in Paragraph 193 of Plaintiff's TAC in so far as on or about April 23, 2025, Defendant's then-counsel sent Reichert a notice concerning Reichert's obligations under the lease. Defendant denies the remaining allegations in Paragraph 193 of Plaintiff's TAC. Burris & Macomber, PLLC no longer represents Defendant in this action.

194. Defendant admits the allegations in Paragraph 194 of Plaintiff's TAC in so far as the notice contains the language quoted or described. The notice speaks for itself, and Defendant denies the remaining allegations in Paragraph 194 of Plaintiff's TAC.

195. Defendant admits the allegations in Paragraph 195 of Plaintiff's TAC in so far as the notice contains the language quoted or described. The notice speaks for itself, and Defendant denies the remaining allegations in Paragraph 195 of Plaintiff's TAC.

196. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 196 of Plaintiff's TAC and therefore denies such allegations at this time.

197. Defendant admits the allegations in Paragraph 197 of Plaintiff's TAC in so far as Reichert tendered payment at the June 16, 2025, hearing in the eviction action. Defendant is without sufficient information or knowledge to respond to the remaining allegations in Paragraph 197 of Plaintiff's TAC and therefore denies such allegations at this time.

198. Defendant admits the allegations in Paragraph 198 of Plaintiff's TAC in so far as on or about May 13, 2025, Defendant's then-counsel sent Reichert a notice of termination of the Lease. The notice speaks for itself. Defendant denies the remaining allegations in Paragraph 198 of Plaintiff's TAC.

199. Defendant admits the allegations in Paragraph 199 of Plaintiff's TAC.

200. Defendant admits the allegations in Paragraph 200 of Plaintiff's TAC.

201. Defendant denies the allegations in Paragraph 201 of Plaintiff's TAC. Burris & Macomber, PLLC no longer represents Defendant in this action.

202. Defendant admits the allegations in Paragraph 202 of Plaintiff's TAC in so far as the Justice Court dismissed the eviction action. Defendant denies the remaining allegations in Paragraph 202 of Plaintiff's TAC. On January 21, 2026, the Cochise County Superior Court vacated that dismissal, holding that Reichert's tax and insurance obligations were material provisions of the lease.

203. Defendant admits the allegations in Paragraph 203 of Plaintiff's TAC in so far as Defendant appealed the Justice Court's decision through his then-counsel. Defendant denies the remaining allegations in Paragraph 203 of Plaintiff's TAC.

204. Defendant denies the allegations in Paragraph 204 of Plaintiff's TAC

205. Defendant denies the allegations in Paragraph 205 of Plaintiff's TAC

206. Defendant admits the allegations in Paragraph 206 of Plaintiff's TAC

207. Defendant admits the allegations in Paragraph 207 of Plaintiff's TAC in so far as Plaintiff's Complaint so alleged. Defendant denies the remaining allegations in Paragraph 207 of Plaintiff's TAC. Defendant specifically denies that the allegations have merit.

208. Defendant admits the allegations in Paragraph 208 of Plaintiff's TAC in so far as Defendant did not answer the original Complaint, which was superseded by the First Amended Complaint (the "FAC"). Defendant denies the remaining allegations in Paragraph 208 of Plaintiff's TAC.

209. Defendant admits the allegations in Paragraph 209 of Plaintiff's TAC.

210. Defendant admits the allegations in Paragraph 210 of Plaintiff's TAC in so far as the FAC contains the language quoted or described. The FAC speaks for itself, and Defendant denies any allegation or characterization inconsistent with its terms.

211. Defendant admits the allegations in Paragraph 211 of Plaintiff's TAC.

212. Defendant admits the allegations in Paragraph 212 of Plaintiff's TAC in so far as on or about November 20, 2025, Defendant's then-counsel sent Reichert a notice of inspection of the Property. The notice speaks for itself. Defendant denies the remaining allegations in Paragraph 212 of Plaintiff's TAC.

213. Defendant admits the allegations in Paragraph 213 of Plaintiff's TAC in so far as counsel exchanged emails concerning the inspection. The emails speak for themselves. Defendant denies the remaining allegations in Paragraph 213 of Plaintiff's TAC.

214. Defendant admits the allegations in Paragraph 214 of Plaintiff's TAC in so far as counsel exchanged emails concerning the inspection. The emails speak for themselves. Defendant denies the remaining allegations in Paragraph 214 of Plaintiff's TAC.

215. Defendant admits the allegations in Paragraph 215 of Plaintiff's TAC in so far as counsel exchanged emails concerning the inspection. The emails speak for themselves. Defendant denies the remaining allegations in Paragraph 215 of Plaintiff's TAC.

216. Defendant admits the allegations in Paragraph 216 of Plaintiff's TAC in so far as counsel exchanged emails concerning the inspection. The emails speak for themselves. Defendant denies the remaining allegations in Paragraph 216 of Plaintiff's TAC.

217. Defendant admits the allegations in Paragraph 217 of Plaintiff's TAC in so far as counsel exchanged emails concerning the inspection. The emails speak for themselves. Defendant denies the remaining allegations in Paragraph 217 of Plaintiff's TAC.

218. Defendant admits the allegations in Paragraph 218 of Plaintiff's TAC.

219. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 219 of Plaintiff's TAC and therefore denies such allegations at this time.

220. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 220 of Plaintiff's TAC and therefore denies such allegations at this time.

221. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 221 of Plaintiff's TAC and therefore denies such allegations at this time.

222. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 222 of Plaintiff's TAC and therefore denies such allegations at this time.

223. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 223 of Plaintiff's TAC and therefore denies such allegations at this time.

224. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 224 of Plaintiff's TAC and therefore denies such allegations at this time.

225. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 225 of Plaintiff's TAC and therefore denies such allegations at this time.

226. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 226 of Plaintiff's TAC and therefore denies such allegations at this time.

227. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 227 of Plaintiff's TAC and therefore denies such allegations at this time.

228. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 228 of Plaintiff's TAC and therefore denies such allegations at this time.

229. Defendant denies the allegations in Paragraph 229 of Plaintiff's TAC. The inspection was noticed and conducted under A.R.S. § 33-1343 in response to the tenant's repair requests.

230. Defendant denies the allegations in Paragraph 230 of Plaintiff's TAC.

231. Defendant denies the allegations in Paragraph 231 of Plaintiff's TAC.

232. Defendant denies the allegations in Paragraph 232 of Plaintiff's TAC. Defendant's appeal resulted in the Superior Court vacating the Justice Court's dismissal.

233. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 233 of Plaintiff's TAC and therefore denies such allegations at this time.

**COUNT ONE**

**Breach of Implied Duty of Good Faith and Fair Dealing**

234. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

235. Defendant states that the allegations contained in Paragraph 235 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that Arizona law implies a covenant of good faith and fair dealing in contracts and denies that Defendant breached it.

236. Defendant states that the allegations contained in Paragraph 236 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 236 of Plaintiff's TAC.

237. Defendant denies the allegations in Paragraph 237 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

238. Defendant denies the allegations in Paragraph 238 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

239. Defendant denies the allegations in Paragraph 239 of Plaintiff's TAC.

240. Defendant denies the allegations in Paragraph 240 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

241. Defendant denies the allegations in Paragraph 241 of Plaintiff's TAC.

242. Defendant denies the allegations in Paragraph 242 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is

an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

243. Defendant denies the allegations in Paragraph 243 of Plaintiff's TAC.

244. Defendant denies the allegations in Paragraph 244 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

245. Defendant denies the allegations in Paragraph 245 of Plaintiff's TAC.

246. Defendant denies the allegations in Paragraph 246 of Plaintiff's TAC.

**COUNT TWO**

**Arizona Minimum Wage, A.R.S. § 23-364**

247. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

248. Defendant admits the allegations in Paragraph 248 of Plaintiff's TAC in so far as Defendant did not pay Plaintiff wages. Plaintiff was not Defendant's employee, and the agreed compensation for her services was the conditional transfer of the Property under the Service Agreement. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

249. Defendant denies the allegations in Paragraph 249 of Plaintiff's TAC.

250. Defendant admits the allegations in Paragraph 250 of Plaintiff's TAC in so far as expenses paid on Plaintiff's behalf were not wages. Defendant denies the remaining allegations in Paragraph 250 of Plaintiff's TAC. Defendant specifically denies that Plaintiff was an employee entitled to wages.

251. Defendant states that the allegations contained in Paragraph 251 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 251 of Plaintiff's TAC. Defendant further denies that Plaintiff was Defendant's employee. Plaintiff provided services under a service agreement, not an employment agreement.

252. Defendant denies the allegations in Paragraph 252 of Plaintiff's TAC.

**COUNT THREE**

**Failure to Pay Arizona Sick Time**

253. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

254. Defendant states that the allegations contained in Paragraph 254 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 254 of Plaintiff's TAC. Defendant further denies that Plaintiff was Defendant's employee. Plaintiff provided services under a service agreement, not an employment agreement.

255. Defendant denies the allegations in Paragraph 255 of Plaintiff's TAC.

256. Defendant denies the allegations in Paragraph 256 of Plaintiff's TAC.

257. Defendant admits the allegations in Paragraph 257 of Plaintiff's TAC in so far as Defendant did not track earned paid sick time for Plaintiff, because Plaintiff was not his employee. Defendant denies the remaining allegations in Paragraph 257 of Plaintiff's TAC.

258. Defendant admits the allegations in Paragraph 258 of Plaintiff's TAC in so far as Defendant did not maintain an earned paid sick time policy for Plaintiff, because Plaintiff was not his employee. Defendant denies the remaining allegations in Paragraph 258 of Plaintiff's TAC.

259. Defendant denies the allegations in Paragraph 259 of Plaintiff's TAC. Defendant specifically denies that Plaintiff is owed any sick time. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

260. Defendant denies the allegations in Paragraph 260 of Plaintiff's TAC.

**COUNT FOUR**

**Wrongful Termination, A.R.S. § 23-1501**

261. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

262. Defendant states that the allegations contained in Paragraph 262 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 262 of Plaintiff's TAC. Defendant further denies that Plaintiff was Defendant's employee. Plaintiff provided services under a service agreement, not an employment agreement.

263. Defendant states that the allegations contained in Paragraph 263 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 263 of Plaintiff's TAC.

264. Defendant states that the allegations contained in Paragraph 264 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 264 of Plaintiff's TAC.

265. Defendant states that the allegations contained in Paragraph 265 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 265 of Plaintiff's TAC.

266. Defendant states that the allegations contained in Paragraph 266 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 266 of Plaintiff's TAC.

267. Defendant denies the allegations in Paragraph 267 of Plaintiff's TAC.

268. Defendant denies the allegations in Paragraph 268 of Plaintiff's TAC.

269. Defendant denies the allegations in Paragraph 269 of Plaintiff's TAC.

270. Defendant denies the allegations in Paragraph 270 of Plaintiff's TAC.

271. Defendant denies the allegations in Paragraph 271 of Plaintiff's TAC.

272. Defendant denies the allegations in Paragraph 272 of Plaintiff's TAC.

273. Defendant denies the allegations in Paragraph 273 of Plaintiff's TAC.

**COUNT FIVE**

**18 U.S.C. § 1591**

274. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

275. Defendant is without sufficient information or knowledge to respond to the allegations in Paragraph 275 of Plaintiff's TAC and therefore denies such allegations at this time.

276. Defendant admits the allegations in Paragraph 276 of Plaintiff's TAC in so far as Plaintiff traveled with Defendant to more than one state and country. Defendant denies the remaining allegations in Paragraph 276 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

277. Defendant denies the allegations in Paragraph 277 of Plaintiff's TAC.

278. Defendant denies the allegations in Paragraph 278 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

279. Defendant denies the allegations in Paragraph 279 of Plaintiff's TAC. Defendant specifically denies that the Personal Travel Coordinator Service Agreement is an employment agreement. It is a services agreement under which Plaintiff provided services as an independent contractor, not as Defendant's employee.

280. Defendant denies the allegations in Paragraph 280 of Plaintiff's TAC.

281. Defendant denies the allegations in Paragraph 281 of Plaintiff's TAC.

282. Defendant denies the allegations in Paragraph 282 of Plaintiff's TAC.

283. Defendant denies the allegations in Paragraph 283 of Plaintiff's TAC.

**COUNT SIX**

**Intentional Infliction of Emotional Distress**

284. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

285. Defendant states that the allegations contained in Paragraph 285 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 285 of Plaintiff's TAC.

286. Defendant denies the allegations in Paragraph 286 of Plaintiff's TAC.

287. Defendant denies the allegations in Paragraph 287 of Plaintiff's TAC.

288. Defendant denies the allegations in Paragraph 288 of Plaintiff's TAC.

289. Defendant denies the allegations in Paragraph 289 of Plaintiff's TAC.

290. Defendant denies the allegations in Paragraph 290 of Plaintiff's TAC.

291. Defendant denies the allegations in Paragraph 291 of Plaintiff's TAC.

292. Defendant denies the allegations in Paragraph 292 of Plaintiff's TAC.

**COUNT SEVEN**

**Unjust Enrichment**

293. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

294. Defendant states that the allegations contained in Paragraph 294 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 294 of Plaintiff's TAC.

295. Defendant denies the allegations in Paragraph 295 of Plaintiff's TAC.

296. Defendant denies the allegations in Paragraph 296 of Plaintiff's TAC.

297. Defendant denies the allegations in Paragraph 297 of Plaintiff's TAC.

298. Defendant denies the allegations in Paragraph 298 of Plaintiff's TAC.

**COUNT EIGHT**

**Retaliation, A.R.S. § 23-364(B)**

299. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

300. Defendant denies the allegations in Paragraph 300 of Plaintiff's TAC.

301. Defendant denies the allegations in Paragraph 301 of Plaintiff's TAC.

302. Defendant denies the allegations in Paragraph 302 of Plaintiff's TAC.

303. Defendant denies the allegations in Paragraph 303 of Plaintiff's TAC.

304. Defendant denies the allegations in Paragraph 304 of Plaintiff's TAC.

305. Defendant denies the allegations in Paragraph 305 of Plaintiff's TAC.

**COUNT NINE[1]**

---

[1] Count Nine of the Third Amended Complaint restarts its paragraph numbering at 1. Defendant responds to those paragraphs as follows, numbered to follow the preceding responses.

**Retaliation, A.R.S. § 23-374(B)**

306. Defendant hereby incorporates his responses to each and every allegation set forth above as if fully set forth herein.

307. Defendant denies the allegations in Count Nine, Paragraph 2 of Plaintiff's TAC.

308. Defendant denies the allegations in Count Nine, Paragraph 3 of Plaintiff's TAC.

309. Defendant denies the allegations in Count Nine, Paragraph 4 of Plaintiff's TAC.

310. Defendant denies the allegations in Count Nine, Paragraph 5 of Plaintiff's TAC.

311. Defendant denies the allegations in Count Nine, Paragraph 6 of Plaintiff's TAC.

312. Defendant denies the allegations in Count Nine, Paragraph 7 of Plaintiff's TAC.

**AFFIRMATIVE DEFENSES**

313. Defendant denies any allegation in the TAC where no express admission is given.

314. **Lack of Personal Jurisdiction and Improper Venue.** Defendant preserves his defenses of lack of personal jurisdiction and improper venue, raised in his Motion to Dismiss (Doc. 8) and decided in Doc. 29, for further proceedings and appeal.

315. **Failure to State a Claim.** The TAC fails, in whole or in part, to state a claim upon which relief can be granted. Defendant preserves the defense under Federal Rule of Civil Procedure 12(h)(2) and will raise any remaining arguments by motion for summary judgment, as Doc. 29 directs.

316. **Not an Employee.** Plaintiff was not Defendant's employee. She provided services as an independent contractor under a contract for services that paid a single, conditional, in-kind compensation for a defined and capped scope of services. Counts Two, Three, Four, Eight, and Nine therefore fail.

317. **Prior Material Breach.** Plaintiff materially breached the Service Agreement on or before September 12, 2024, by using funds entrusted to her for personal purposes outside the Service Agreement's expense provision and by failing to account for those funds. Her breaches excused Defendant's further performance.

318. **Failure of Condition Precedent.** Transfer of the Property was conditioned on Plaintiff's performance of the services for which it was the agreed compensation, including 520 days of active travel coordination. That condition was not satisfied and cannot be satisfied.

319. **Setoff and Recoupment.** Any recovery by Plaintiff must be reduced by the amounts she owes Defendant, including the personal charges (which Defendant asserts on behalf of Angeles Ranch LLC) and unaccounted cash described in the Counterclaims, which arise from the same transaction as her claims.

320. **Unclean Hands.** Plaintiff's claims for specific performance, injunctive relief, and other equitable relief, including transfer of the Property, are barred by her unclean hands, including her personal use of funds entrusted to her and her failure to account for them.

321. **Equitable Relief Unavailable.** Plaintiff is not entitled to specific performance, injunctive relief, or transfer of title to the Property because she has an adequate remedy at law, she did not perform her own obligations under the Service Agreement, and the statutes on which she relies do not authorize such relief.

322. **Legitimate, Non-**Retaliatory Reasons. Any action Defendant took regarding the Property, including the December 17, 2025, inspection and the appeal of the Justice Court's decision, was taken for legitimate, non-retaliatory reasons, including his rights and duties as a landlord under A.R.S. §§ 33-1324 and 33-1343, the tenant's repair requests, and his enforcement of the Lease, as confirmed by the Superior Court's January 21, 2026, ruling vacating the dismissal of the eviction action.

323. **Petitioning Immunity.** Defendant's pursuit of the eviction action and its appeal is protected petitioning activity under the First Amendment and the Noerr-Pennington doctrine and cannot form the basis of liability.

324. **Constructive Discharge Notice.** To the extent Plaintiff alleges constructive discharge, her claim is barred by her failure to satisfy the notice requirements of A.R.S. § 23-1502.

325. **Failure to Mitigate.** Plaintiff failed to mitigate her alleged damages.

326. **Offset for Benefits Received.** Any recovery on Plaintiff's unjust enrichment claim must be offset by the value of the benefits she received, including travel, accommodations, goods, and other benefits paid for by Defendants or Angeles Ranch LLC.

327. **Statute of Limitations.** To the extent any of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including A.R.S. §§ 12-541, 12-545, and 23-364(H), those claims fail.

328. Defendant reserves the right to raise the following additional affirmative defenses which, through subsequent discovery, may be supported by the facts: estoppel; waiver; payment; release; laches; failure to join a party under Rule 19; and lack of evil mind.

329. Defendant reserves the right to amend this Answer to assert additional defenses as discovery proceeds.

WHEREFORE, having answered the Third Amended Complaint, Defendant prays for judgment as follows:

A. That the TAC be dismissed with prejudice and that Plaintiff take nothing thereby;
B. That Defendant be awarded his reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01 and any other applicable law; and
C. For such other relief as the Court deems just and proper under the circumstances.

**COUNTERCLAIMS**

Defendant/Counterclaimant Jeffery Lindsay ("Mr. Lindsay"), individually and on behalf of Angeles Ranch LLC ("Angeles Ranch"), alleges as follows for his Counterclaims against Plaintiff/Counterdefendant Cameron Stangel ("Plaintiff/Counterdefendant"). Mr. Lindsay asserts these Counterclaims subject to, and without waiving, the objections to personal jurisdiction and venue raised in his Motion to Dismiss (Doc. 8) and preserved in his Answer above.

**PARTIES**

1. Mr. Lindsay is an individual and a citizen of the State of Texas.

2. Angeles Ranch is a Texas limited liability company that holds the American Express Business account described below.

3. Cameron Stangel is an individual who alleges that she resides in Cochise County, Arizona, and that she is a citizen of Arizona (Doc. 30, at ¶ 1).

**JURISDICTION AND VENUE**

4. This Court has supplemental jurisdiction over these Counterclaims under 28 U.S.C. § 1367(a). The Counterclaims arise out of the same transaction and occurrence that is the subject of Plaintiff/Counterdefendant's TAC (Doc. 30), over which

Plaintiff/Counterdefendant invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1332. The Counterclaims are compulsory under Federal Rule of Civil Procedure 13(a).

5. To the extent Plaintiff/Counterdefendant is a citizen of Arizona, as she alleges, this Court also has jurisdiction under 28 U.S.C. § 1332(a) because Mr. Lindsay is a citizen of Texas, and the amount in controversy, which includes the value of the real property that Plaintiff/Counterdefendant claims and that Mr. Lindsay contends she has no right to, exceeds $75,000.00, exclusive of interest and costs.

6. The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

7. The Court has ruled that venue lies in this District (Doc. 29, at 10-11). Mr. Lindsay asserts these compulsory Counterclaims here without waiving his preserved objections.

## GENERAL ALLEGATIONS

### A. The Service Agreement

8. In April 2024, Mr. Lindsay agreed to purchase the real property located at 6 Naco Road, Bisbee, Arizona, Cochise County Parcel Nos. 103-62-273A and 103-62-459A (the "Property").

9. On or about May 14, 2024, Mr. Lindsay closed on the Property and title vested in him.

10. On or about April 12, 2024, Mr. Linsday and Plaintiff/Counterdefendant signed a document entitled "Personal Travel Coordinator Service Agreement" (the "Service Agreement").

11. Plaintiff/Counterdefendant drafted the Service Agreement and revised it during the parties' negotiations.

12. Plaintiff/Counterdefendant also drafted the separate Residential Lease between Mr. Lindsay and her partner, Beau Reichert and revised it during the parties' negotiations.

13. Under the Service Agreement, Plaintiff/Counterdefendant agreed to provide "personal travel coordination services," which "include but are not limited to: a. Planning and organizing travel itineraries. b. Making travel arrangements such as organizing documents and visas, booking flights, accommodations, and transportation. c. Providing recommendations for activities and attractions."

14. The Service Agreement defined and capped the engagement, requiring Plaintiff/Counterdefendant to "perform and not exceed five hundred and twenty (520) days of active travel coordination within the first thirty-six (36) months, and "[d]uring periods when active travel [was] not conducted, the Travel Coordinator's duties [would] be paused unless the Travel Coordinator is home planning the next trip."

15. The Service Agreement does not provide for wages, salary, hourly pay, benefits, or tax withholding.

16. Instead, the Service Agreement explicitly stated, "[i]n exchange for services provided," it provides for a single, deferred, in-kind payment: the Property "shall be transferred to the Travel Coordinator upon the completion of five hundred and twenty (520) days of active travel coordination within the first thirty-six (36) months of employment, or upon reaching the termination date, whichever comes first."

17. The stated term of the Service Agreement runs from April 12, 2024 to April 10, 2027.

18. Although Plaintiff/Counterdefendant's draft uses the labels "Employer" and "employment," the Service Agreement is a contract for services.

19. Plaintiff/Counterdefendant determined how to perform the services, set her own schedule, performed planning work from her home when not traveling, and pursued her own business activities during the engagement, including a photography foundation and darkroom project that she operated at the Property.

20. The Service Agreement required Plaintiff/Counterdefendant, "[d]uring the first thirty-six (36) months" to "pay the appropriate taxes and insurance on the property located at 6 Naco Rd, Bisbee, AZ."

21. The Service Agreement provided that Mr. Lindsay would "cover all expenses associated with the Travel Coordinator position including any necessary equipment needed for travel planning (international WiFi, phones, etc), travel and accommodations, emergency medical, and anything else deemed necessary"

22. Under the Service Agreement terms, Plaintiff/Counterdefendant was not allowed to use funds provided by or on behalf of Mr. Lindsay for personal purchases unrelated to the services.

23. The Service Agreement contains no provision permitting either party to treat personal expenditures as compensation, and Plaintiff/Counterdefendant herself admits that the expenses paid on her behalf "are not 'wages.'" (Doc. 30, at ¶ 250).

**B. Funds Entrusted to Stangel**

24. To pay expenses associated with the services, Angeles Ranch's American Express Business account issued an additional card ending in 1023 in Plaintiff/Counterdefendant's name (the "Card").

25. Angeles Ranch paid the Card's balances, which were expenses that Mr. Lindsay agreed to cover under the Service Agreement. Mr. Lindsay asserts Angeles

Ranch's claims against Plaintiff/Counterdefendant arising from the Card on its behalf, and Angeles Ranch will assign those claims to Mr. Lindsay.[2]

26. On or about April 15, 2024, Mr. Lindsay gave Plaintiff/Counterdefendant approximately $10,000.00 in cash to purchase items for travel under the Service Agreement, such as clothing, luggage, and visa applications.

27. When Mr. Lindsay handed her the cash, Mr. Lindsay told Plaintiff/Counterdefendant that he needed receipts for all purchases made, and she said she understood.

28. Plaintiff/Counterdefendant did not provide receipts for all cash purchases.

29. Plaintiff/Counterdefendant told Mr. Lindsay that she had used approximately $6,500.00 to purchase a camera.

30. Plaintiff/Counterdefendant has never fully accounted for the remainder of the cash.

31. Plaintiff/Counterdefendant agreed to report her expenditures weekly to Mr. Lindsay's assistant so that Mr. Lindsay could confirm that they were associated with the services.

32. For many charges, Plaintiff/Counterdefendant submitted screenshots from the American Express application rather than receipts or descriptions of what she purchased.

33. In handling the Card and the cash, Plaintiff/Counterdefendant acted on behalf of Mr. Lindsay and Angeles Ranch and was obligated to use those funds only for the purposes of the Service Agreement and to account for them.

---

[2] Mr. Lindsay is the sole member of Angeles Ranch and holds the rights to its claims against Plaintiff/Counterdefendant arising from the Card. Angeles Ranch will confirm those rights by a written assignment to Mr. Lindsay, and Mr. Lindsay will amend these Counterclaims as permitted by Federal Rule of Civil Procedure 15 to reflect the assignment. *See* Fed. R. Civ. P. 17(a)(3).

**C. The Personal Charges**

34. Beginning in or around June 2024 and continuing through at least late August 2024, Plaintiff/Counterdefendant used the Card to make personal purchases unrelated to her travel coordination services, in an amount to be proven at trial (the "Personal Charges").

35. The Personal Charges include:

a. designer clothing, including purchases made from Sézane of $3,516.41 (July 28, 2024), $630.00 (August 8, 2024), and $455.00 (August 11, 2024); Saks Fifth Avenue, Atlanta, of $2,330.46 (July 24, 2024) and $396.00 (July 25, 2024); Amour Vert of $1,314.60 (July 8, 2024); and Nordstrom, San Diego, of $1,174.48 (July 8, 2024);

b. photography equipment and supplies for Plaintiff/Counterdefendant's own photography pursuits, including approximately 204 rolls of film from Freestyle Photo for $2,376.25 (August 8, 2024), shipped to the Property; a Hasselblad film back for $690.58; a camera backpack for $424.86; and a tripod for $163.05;

c. an iPhone 15 Pro (1TB) for $1,696.61 and AppleCare+ for $134.99, added to Plaintiff/Counterdefendant's personal wireless line (July 24, 2024); and

d. charges at the Four Seasons Fort Lauderdale, including a spa charge of $3,294.81, a salon charge of $585.72, a car service charge for $629.75, and meals, described below.

36. The photography purchases served Plaintiff/Counterdefendant own projects.

37. During the service term Plaintiff/Counterdefendant was developing a photography foundation and darkroom at the Property, and she described the purchases to Mr. Lindsay in those terms.

38. On or about August 11, 2024, Plaintiff/Counterdefendant told Mr. Lindsay by text, "We arrive to Ft. Lauderdale Saturday August 24."

39. Three (3) days later, on August 14, 2024, Plaintiff/Counterdefendant used the Card to pay the cost to move her own flight to August 22, 2024.

40. Plaintiff/Counterdefendant charged a Tucson airport hotel to the Card the night before departing, arrived in Fort Lauderdale two (2) days ahead of Mr. Lindsay, and charged the car service, salon, and spa services described above to the Card, including spa services for her mother, who was not a participant in the Trip.

41. On or about August 23, 2024, while already in Fort Lauderdale, Plaintiff/Counterdefendant texted Mr. Lindsay, "Are you all packed and excited? I will meet you at the airport," without disclosing her early arrival.

42. The early arrival served no purpose of the Service Agreement.

43. Plaintiff/Counterdefendant did not identify the Personal Charges as personal expenditures and did not obtain Mr. Lindsay's approval for them.

44. Before raising the Personal Charges, Mr. Lindsay spent several days reviewing the expense records Plaintiff/Counterdefendant provided and comparing the charges to where the parties were when they were made.

45. When Mr. Lindsay questioned the Personal Charges, Plaintiff/Counterdefendant acknowledged that she owed him money and attributed her spending to never before having had a credit card.

46. On or about September 5, 2024, Plaintiff/Counterdefendant told Mr. Lindsay that she would pay him back for the charges that were not authorized.

47. Days later, Plaintiff/Counterdefendant told a fellow traveler that she had told Mr. Lindsay she would reimburse him for her personal spending, and that a wire from her partner would not be enough to cover the amounts to be repaid.

48. Plaintiff/Counterdefendant has not repaid any of the Personal Charges or fully accounted for the cash entrusted to her.

49. Plaintiff/Counterdefendant retains goods purchased with the Personal Charges, including clothing, photography equipment, film, luggage, and the iPhone, and has not returned any of them to Mr. Lindsay.

**D. Taxes and Insurance on the Property**

50. Plaintiff/Counterdefendant did not pay the property taxes on the Property for 2024 as the Service Agreement required.

51. On or about October 31, 2024, Mr. Lindsay paid the 2024 property taxes on the Property to prevent delinquency.

52. Plaintiff/Counterdefendant did not maintain the insurance on the Property as the Service Agreement required.

53. On or about November 22, 2024, Mr. Lindsay paid the premium for the insurance on the Property.

**E. Material Breaches and the End of the Engagement**

54. Plaintiff/Counterdefendant use of funds entrusted to her for personal purposes, and her failure to account for those funds, were material breaches that went to the essence of the Service Agreement and destroyed the trust on which it depended.

55. On or about September 12, 2024, after Plaintiff/Counterdefendant's breaches came to light, Mr. Lindsay informed Plaintiff/Counterdefendant that the Service Agreement was at an end.

56. Plaintiff/Counterdefendant prior material breaches excused Mr. Lindsay's further performance under the Service Agreement, including any obligation to convey the Property.

57. Plaintiff/Counterdefendant has not provided any travel coordination services to Mr. Lindsay since September 2024.

58. Upon information and belief, by the end of the Service Agreement, Plaintiff/Counterdefendant had performed far fewer than 520 days of active travel coordination on which the transfer of the Property was conditioned.

59. That condition cannot now be satisfied.

**COUNT I**

**Declaratory Judgment, 28 U.S.C. §§ 2201-2202**

60. Mr. Lindsay incorporates the preceding paragraphs.

61. The Service Agreement conditioned transfer of the Property on Plaintiff/Counterdefendant's performance of the services for which the Property was the agreed compensation.

62. Plaintiff/Counterdefendant materially breached the Service Agreement before September 12, 2024, as alleged above, and her breaches excused Mr. Lindsay's further performance.

63. The provision for transfer "upon reaching the termination date" does not entitle a party whose own material breach ended the agreement, and who rendered no services after September 2024, to receive the Property at the end of the stated term.

64. Any ambiguity in the Service Agreement is construed against Plaintiff/Counterdefendant, who drafted it.

65. Mr. Lindsay requests a declaration that:

a. Plaintiff/Counterdefendant materially breached the Service Agreement before September 12, 2024;

b. Plaintiff/Counterdefendant's breaches excused Mr. Lindsay's further performance, including any obligation to convey the Property;

c. The condition of 520 days of active travel coordination was not satisfied and cannot be satisfied;

d. Plaintiff/Counterdefendant has no right to conveyance of the Property on April 10, 2027, or at any other time; and

e. Plaintiff/Counterdefendant holds no legal or equitable ownership interest in the Property.

**COUNT II**

**Breach of Contract**

66. Mr. Lindsay incorporates the preceding paragraphs.

67. The Service Agreement is a valid and enforceable contract between Mr. Lindsay and Plaintiff/Counterdefendant.

68. Mr. Lindsay performed his obligations under the Service Agreement, including by paying, directly and through Angeles Ranch, the expenses associated with Plaintiff/Counterdefendant's travel coordination services, until Plaintiff/Counterdefendant's material breaches excused further performance.

69. Plaintiff/Counterdefendant breached the Service Agreement by, among other things:

a. Charging the Personal Charges, which were not expenses "associated with the Travel Coordinator position," to funds provided for that purpose;

b. Failing to account for the cash entrusted to her for travel expenses; and

c. Failing to pay the taxes and insurance on the Property.

70. Each of Plaintiff/Counterdefendant's breaches was material and went to the essence of the Service Agreement.

71. As a direct and proximate result of Plaintiff/Counterdefendant's breaches, Mr. Lindsay has been damaged in an amount to be proven at trial, plus prejudgment interest.

72. This action arises out of contract, and Mr. Lindsay is entitled to recover his reasonable attorneys' fees under A.R.S. §§ 12-341 and 12-341.01.

**COUNT III**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

73. Mr. Lindsay incorporates the preceding paragraphs.

74. Arizona law implies a covenant of good faith and fair dealing in every contract, including the Service Agreement. The covenant prohibits a party from acting in a way that impairs the other party's right to receive the reasonably expected benefits of the agreement, even when the conduct does not breach an express term.

75. The Service Agreement gave Plaintiff/Counterdefendant discretion to incur and charge expenses "associated with the Travel Coordinator position" using funds that Mr. Lindsay provided, directly and through Angeles Ranch, and to judge what was "necessary" for that purpose.

76. Mr. Lindsay reasonably expected that Plaintiff/Counterdefendant would exercise that discretion honestly, for the purposes of the Service Agreement, and that she would keep him accurately informed of how those funds were spent.

77. Plaintiff/Counterdefendant breached the implied covenant, independent of any breach of the Service Agreement's express terms by:

a. Using her discretion over the expense provision to obtain personal goods and services for herself, including designer clothing, photography equipment and supplies for her own projects, and spa and salon services;

b. Arranging personal travel at Mr. Lindsay's expense, including moving her own flight to arrive in Fort Lauderdale two (2) days before Mr. Lindsay, without disclosing that she had done so;

c. Reporting charges through screenshots that did not identify what she had purchased, and failing to provide receipts for the cash entrusted to her; and

d. After acknowledging that she would repay the charges that were not authorized, failing to do so.

78. Plaintiff/Counterdefendant's conduct denied Mr. Lindsay the reasonably expected benefits of the Service Agreement, including the use of the funds he provided only for the travel coordination services he contracted for and a truthful accounting of how those funds were spent.

79. As a direct and proximate result of Plaintiff/Counterdefendant's breach of the implied covenant, Mr. Lindsay has been damaged in an amount to be proven at trial, plus prejudgment interest.

80. This claim arises out of contract, and Mr. Lindsay is entitled to recover his reasonable attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01.

**COUNT IV**

**Unjust Enrichment, Pleaded in the Alternative**

81. Mr. Lindsay incorporates the preceding paragraphs.

82. This Count is pleaded in the alternative to Counts II and III, to the extent the trier of fact determines that no contract governs the Personal Charges, the cash, or the payments described above.

83. Plaintiff/Counterdefendant was enriched by receiving and retaining goods and services purchased with funds provided by Mr. Lindsay and Angeles Ranch for her personal benefit, by retaining cash entrusted to her for travel expenses without accounting

for it, and by having Mr. Lindsay pay taxes and insurance on the Property that Plaintiff/Counterdefendant undertook to pay.

84. Mr. Lindsay, individually and on behalf of Angeles Ranch, was correspondingly impoverished in the amounts paid.

85. There is a direct connection between Plaintiff/Counterdefendant enrichment and Mr. Lindsay's impoverishment.

86. There is no justification for Plaintiff/Counterdefendant's enrichment.

87. Plaintiff/Counterdefendant admits that the expenses paid on her behalf were not wages (Doc. 30, at ¶ 250), and the Personal Charges were not expenses associated with the services.

88. To the extent no contract governs these transactions, Mr. Lindsay has no adequate remedy at law.

89. Mr. Lindsay is entitled to restitution in an amount to be proven at trial, plus prejudgment interest.

**COUNT V**

**Accounting**

90. Mr. Lindsay incorporates the preceding paragraphs.

91. Plaintiff/Counterdefendant received and controlled funds provided by Mr. Lindsay and Angeles Ranch, through the Card and the cash, for the limited purpose of paying expenses associated with the services under the Service Agreement.

92. As the person entrusted with those funds, Plaintiff/Counterdefendant was obligated to keep records of, and to render an account of, her use of them.

93. Plaintiff/Counterdefendant has not rendered a complete account.

94. Plaintiff/Counterdefendant has stated under oath that she sent "all travel expenses and. . . receipts and invoices" to Mr. Lindsay's assistant, and she alleges that she

printed expense reports for Mr. Lindsay during the Trip, but she has not identified the business purpose of the Personal Charges or accounted for the cash.

95. The information needed to determine the full amount owed is uniquely within Plaintiff/Counterdefendant's possession, including the receipts, invoices, and records of what she purchased and where those goods are now, and the time logs and other records of the days she claims to have performed services.

96. Mr. Lindsay is entitled to an accounting of all charges on the Card and all cash Plaintiff/Counterdefendant received, and to judgment for all amounts that the accounting shows were not expenses associated with the services.

## PRAYER

Mr. Lindsay requests that the Court enter judgment in his favor and against Plaintiff/Counterdefendant as follows:

A. On Count I, a declaration as set forth above in Paragraph 65 above;

B. On Count II, damages to Mr. Lindsay in an amount to be proven at trial;

C. On Count III, damages to Mr. Lindsay in an amount to be proven at trial;

D. On Count IV, in the alternative, restitution to Mr. Lindsay in an amount to be proven at trial;

E. On Count V, an accounting of all funds Plaintiff/Counterdefendant received through the Card and in cash, and judgment for all amounts found owing;

F. Prejudgment and post-judgment interest at the maximum rate allowed by law;

G. Attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01 and any other applicable law; and

H. Such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 23rd day of October, 2026.

**ENARA LAW, PLLC**

By: /s/ *Morgan E. Silva*
Ross P. Meyer
Morgan E. Silva
*Attorneys for Defendant*
*Jeffery Lindsay*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2026, the foregoing document described herein above was sent via CM/ECF to Plaintiff and Defendant, delineated herein below:

James Burr Shields, Esq.
Shields Petitti & Zoldan, PLC
5090 N. 40th Street | Suite 207
Phoenix, AZ 85018
burr@shieldspetitti.com
*Attorneys for Plaintiff*

Jeffrey Silence, Esq. | Trevor Cook, Esq.
Silence Law Group, PLLC
20235 N. Cave Creek Road | Suite 104 | #460
Phoenix, AZ 85204
jeff@silencelaw.com | trevor@silencelaw.com
*Attorneys for Plaintiff*

D. Rob Burris, Esq. | Jeremy T. Shorbe
**Burris & Macomber, PLLC**
2478 East River Road
Tucson, AZ 85718
rob@burrismacomber.com | jeremy@burrismacomber.com
*Previous Counsel for Defendant Jeffery Lindsay*

By: */s/ Morgan E. Silva*