**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
**Shields Petitti & Zoldan, PLC**
**James Burr Shields**
Direct Dial: (602) 718-3331
Email: burr@shieldspetitti.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Cameron Stangel,<br>Plaintiff,<br>v.<br>Jeffery Lindsay,<br>Defendant. | Case No. 4:25-cv-00471-JCH<br><br>**COUNTERDEFENDANT'S ANSWER TO COUNTERCLAIMS**<br><br>(Hon. John C. Hinderaker) |

Plaintiff/Counterdefendant Cameron Stangel ("Counterdefendant") answers the Counterclaims of Defendant/Counterclaimant Jeffery Lindsay ("Counterclaimant") (Doc. 34) and admits, denies, and avers as follows:

Counterdefendant admits that Counterclaimant purports to assert the Counterclaims individually and on behalf of Angeles Ranch LLC ("Angeles Ranch"), subject to the objections raised in his Motion to Dismiss (Doc. 8). Counterdefendant denies that Counterclaimant may assert claims on behalf of Angeles Ranch, denies that he preserves any objection to personal jurisdiction or venue that the Court has not already rejected (see Doc. 29 at 5–11), and denies the remaining allegations in the introductory paragraph.

**Parties**

SILENCE LAW GROUP

SILENCE LAW GROUP

1. Admitted.

2. Counterdefendant admits that Angeles Ranch is a Texas limited liability company but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 and therefore denies them. Counterdefendant avers that she did not choose the account on which her card was issued and that she was employed by Counterclaimant, not Angeles Ranch.

3. Admitted.

## Jurisdiction and Venue

4. Counterdefendant admits that the Court has subject-matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1332(a) and 1367(a) and that the Third Amended Complaint invokes the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1332. Counterdefendant denies the remaining allegations in paragraph 4 of the Counterclaims.

5. Counterdefendant admits that the Court has jurisdiction over the Counterclaims under 28 U.S.C. § 1332(a), that Counterclaimant is a citizen of Texas, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Counterdefendant denies the remaining allegations in paragraph 5, including that she has no right to the Property.

6. Admitted.

7. Counterdefendant admits that the Court ruled that venue lies in this District (*see* Doc. 29 at 10–11) and that Counterclaimant asserts the Counterclaims here. Counterdefendant denies that the Counterclaims are compulsory. Counterdefendant denies that Counterclaimant preserves any objection to personal jurisdiction or venue that the Court has not already rejected. (*See* Doc. 29 at 5–11.)

## General Allegations

### A. The Service Agreement

8. Counterdefendant admits that in April 2024 Counterclaimant agreed to purchase the real property located at 6 Naco Road, Bisbee, Arizona. Counterdefendant avers that the Cochise County Treasurer identifies the Property as Parcel Nos.

103-62-273A8 and 103-62-459A2, and that the Property comprises the three parcels described in the Warranty Deed recorded May 14, 2024, as Recording No. 2024-08007, records of Cochise County. Counterdefendant denies the remaining allegations in paragraph 8.

9. Admitted.

10. Admitted. Counterdefendant refers to the Service Agreement here as the "Agreement," which the Third Amended Complaint calls the "Employment Agreement."

11. Counterdefendant admits that she drafted the Agreement and revised it as she and Counterclaimant negotiated its terms together.

12. Counterdefendant admits that she drafted the Residential Lease at Counterclaimant's request and that the Residential Lease is between Counterclaimant and her partner, Beau Reichert, but denies the remaining allegations in paragraph 12.

13. Admitted.

14. Counterdefendant admits that the Agreement contains the language quoted in paragraph 14 and that it capped her active travel coordination at 520 days. Counterdefendant denies the remaining allegations in paragraph 14.

15. Admitted. Counterdefendant avers that the Agreement compensates her with the Property and requires Counterclaimant to cover all expenses associated with her Travel Coordinator position.

16. Counterdefendant admits that the Agreement contains the language quoted in paragraph 16 of the Counterclaims, that it compensates her with ownership of the Property, which is her only compensation under the Agreement, and that it requires the Property to be transferred upon the completion of 520 days of active travel coordination within the first 36 months of employment or upon reaching the termination date, whichever comes first. Counterdefendant denies the remaining allegations in paragraph 16 of the Counterclaims, including that the transfer of the Property depends on her completing 520 days of active travel coordination or any other quantity of services.

17. Admitted.



SILENCE LAW GROUP

SILENCE LAW GROUP

18. Counterdefendant admits that the Agreement uses the terms "Employer" and "employment" but denies the remaining allegations in paragraph 18. Counterdefendant avers that the Agreement is an employment agreement.

19. Counterdefendant admits that she performed planning work from her home when not traveling, that she chose when to do that work, and that she prepared proposed itineraries and travel arrangements for Counterclaimant's review and approval. Counterdefendant admits that she and Reichert operate a nonprofit photography foundation and that they planned to set up a darkroom for the foundation at the Property. Counterdefendant denies the remaining allegations in paragraph 19, including that she set her own schedule for travel. Counterdefendant avers that Counterclaimant directed which services she performed and decided whether and when each trip took place.

20. Admitted.

21. Admitted.

22. Counterdefendant admits that the Agreement requires Counterclaimant to cover all expenses associated with her position, including "anything else deemed necessary," but denies the remaining allegations in paragraph 22.

23. Counterdefendant admits that the Agreement contains no provision permitting either party to treat personal expenditures as compensation and that paragraph 250 of the Third Amended Complaint alleges that the expenses Counterclaimant paid for her are not "wages" as defined by the Arizona Minimum Wage Act. Counterdefendant denies the remaining allegations in paragraph 23.

**B. Funds Entrusted to Counterdefendant**

24. Counterdefendant admits that an American Express business account issued an additional card ending in 1023 in her name to pay expenses associated with the services. Counterdefendant lacks knowledge or information sufficient to form a belief about whether that account belongs to Angeles Ranch and therefore denies it.

25. Counterdefendant admits that the Card balances were expenses that Counterclaimant agreed to cover under the Agreement. Counterdefendant admits that

SILENCE LAW GROUP

Counterclaimant purports to assert Angeles Ranch's claims against her arising from the Card on Angeles Ranch's behalf but denies that he may do so and that he holds the rights to those claims. Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 and footnote 2 and therefore denies them.

26. Admitted.

27. Denied.

28. Admitted.

29. Counterdefendant admits that she discussed with Counterclaimant buying a camera with part of the cash and denies the remaining allegations in paragraph 29.

30. Admitted.

31. Counterdefendant admits that she agreed to send weekly reports of her expenditures on the Card to Counterclaimant's assistant so that Counterclaimant could confirm that they were associated with the services but denies the remaining allegations in paragraph 31.

32. Counterdefendant admits that she submitted screenshots from the American Express application with her weekly reports but denies the remaining allegations in paragraph 32.

33. Counterdefendant admits that she used the Card and the cash as Counterclaimant's employee to pay expenses associated with her position but denies the remaining allegations in paragraph 33.

**C. The Personal Charges**

34. Denied.

35. Denied, including each of subparagraphs (a) through (d).

36. Denied.

37. Counterdefendant admits that she and Reichert operate a nonprofit photography foundation, that during the term of the Agreement they planned to set up a darkroom for the foundation at the Property, and that she discussed those plans with

SILENCE LAW GROUP

Counterclaimant. Counterdefendant denies the remaining allegations in paragraph 37, including that she described any purchase listed in paragraph 35 to Counterclaimant as being for the foundation or a darkroom.

38. Admitted.

39. Admitted.

40. Counterdefendant admits that she charged a Tucson airport hotel to the Card the night before her flight, that she arrived in Fort Lauderdale two days before Counterclaimant, and that the Card paid charges to the Four Seasons Fort Lauderdale room accounts, which included spa, salon, and car service charges. Counterdefendant admits that her mother was not a participant in the Trip but denies the remaining allegations in paragraph 40, including that any of the spa services were for her mother.

41. Counterdefendant admits that on or about August 23, 2024, while in Fort Lauderdale, she sent Counterclaimant a text message containing the words quoted in paragraph 41 but denies the remaining allegations in paragraph 41, including that she did not disclose her early arrival.

42. Denied.

43. Counterdefendant admits that she did not identify any purchase listed in paragraph 35 as a personal expenditure but denies the remaining allegations in paragraph 43, including that any of those purchases was a personal expenditure.

44. Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and therefore denies them.

45. Denied.

46. Counterdefendant admits that on or about September 5, 2024, after Counterclaimant questioned her expenses, she offered to pay him back. Because Counterdefendant does not remember her exact words, she lacks knowledge or information sufficient to form a belief about the truth of the allegation that she said she would pay him back "the charges that were not authorized" and therefore denies it.

Counterdefendant denies the remaining allegations in paragraph 46, including that any charge was unauthorized.

47. Denied.

48. Counterdefendant admits that she has not repaid Counterclaimant for any purchase listed in paragraph 35 and has not fully accounted for the cash described in paragraph 26. Counterdefendant denies the remaining allegations in paragraph 48, including that any of those purchases was a personal charge.

49. Counterdefendant admits that she has the clothing, photography equipment, film, luggage, and iPhone described in paragraph 49 and that she has not returned any of them to Counterclaimant. Counterdefendant denies the remaining allegations in paragraph 49, including that any of those items was a personal purchase.

**D. Taxes and Insurance on the Property**

50. Counterdefendant admits that she did not pay the 2024 property taxes on the Property but denies the remaining allegations in paragraph 50, including that her not paying them breached the Agreement.

51. Counterdefendant admits that on or about October 31, 2024, Counterclaimant paid the 2024 property taxes on the Property. Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of the allegation about his purpose for doing so and therefore denies it. Counterdefendant denies the remaining allegations in paragraph 51.

52. Denied.

53. Counterdefendant admits that on or about November 22, 2024, Counterclaimant made a payment toward the insurance on the Property but denies the remaining allegations in paragraph 53, including that the premium was unpaid when Counterclaimant made the payment.

**E. Material Breaches and the End of the Engagement**

54. Denied.



SILENCE LAW GROUP

55. Counterdefendant admits that on or about September 12, 2024, Counterclaimant told her he was cancelling the Agreement. Counterdefendant denies the remaining allegations in paragraph 55, including that she breached the Agreement.

56. Denied.

57. Admitted.

58. Counterdefendant admits that she has not performed 520 days of active travel coordination but denies the remaining allegations in paragraph 58, including that the transfer of the Property was conditioned on her doing so.

59. Counterdefendant admits that 520 days of active travel coordination can no longer be performed within the first thirty-six months of employment but denies the remaining allegations in paragraph 59, including that the transfer of the Property was conditioned on her doing so.

**Count I**

60. Counterdefendant incorporates the preceding paragraphs.

61. Counterdefendant admits that the Property was the agreed compensation for her services under the Agreement but denies the remaining allegations in paragraph 61, including that the Agreement conditioned the transfer of the Property on her performance of any quantity of services.

62. Denied.

63. Denied.

64. Counterdefendant admits that she drafted the Agreement, as stated in response to paragraph 11, but denies the remaining allegations in paragraph 64.

65. Counterdefendant admits that Counterclaimant requests the declarations listed in paragraph 65(a) through (e) but denies that he is entitled to any of them.

**Count II**

66. Counterdefendant incorporates the preceding paragraphs.

67. Admitted.

SILENCE LAW GROUP

SILENCE LAW GROUP

68. Counterdefendant admits that Counterclaimant provided the Card and the cash to pay expenses associated with her position but denies the remaining allegations in paragraph 68, including that Counterclaimant performed his obligations under the Agreement.

69. Counterdefendant admits that she did not pay the 2024 property taxes on the Property, as stated in response to paragraph 50, but denies the remaining allegations in paragraph 69, including each of subparagraphs (a) through (c) and that she breached the Agreement.

70. Denied.

71. Denied.

72. Counterdefendant admits that Count II of the Counterclaims arises out of contract but denies the remaining allegations in paragraph 72, including that Counterclaimant is entitled to recover his attorneys' fees or costs.

**Count III**

73. Counterdefendant incorporates the preceding paragraphs.

74. Admitted.

75. Counterdefendant admits that the Agreement requires Counterclaimant to cover all expenses associated with her position, including "anything else deemed necessary," but denies the remaining allegations in paragraph 75.

76. Counterdefendant admits that Counterclaimant expected her to use the Card and the cash honestly to pay expenses associated with her position and to report her expenditures on the Card weekly to his assistant. Counterdefendant denies the remaining allegations in paragraph 76, including that she had discretion over what qualified as expenses under the Agreement.

77. Counterdefendant admits that she has not repaid Counterclaimant for any purchase listed in paragraph 35 but denies the remaining allegations in paragraph 77, including each of subparagraphs (a) through (d).

78. Denied.

79. Denied.

80. Counterdefendant admits that Count III of the Counterclaims arises out of contract but denies the remaining allegations in paragraph 80, including that Counterclaimant is entitled to recover his attorneys' fees or costs.

**Count IV**

81. Counterdefendant incorporates the preceding paragraphs.

82. Counterdefendant admits that Counterclaimant pleads Count IV in the alternative to Counts II and III but denies the remaining allegations in paragraph 82, including that any purchase was a personal charge.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Counterdefendant admits that paragraph 250 of the Third Amended Complaint alleges that the expenses Counterclaimant paid for her are not "wages" as defined by the Arizona Minimum Wage Act. Counterdefendant denies the remaining allegations in paragraph 87, including that any purchase listed in paragraph 35 was not an expense associated with her position.

88. Denied.

89. Denied.

**Count V**

90. Counterdefendant incorporates the preceding paragraphs.

91. Counterdefendant admits that she received the cash from Counterclaimant and the Card to pay expenses associated with her position under the Agreement. Counterdefendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that the funds she received were provided by Angeles Ranch and therefore denies it. Counterdefendant denies the remaining allegations in paragraph 91.



SILENCE LAW GROUP

SILENCE LAW GROUP

92. Counterdefendant admits that she agreed to send weekly reports of her expenditures on the Card to Counterclaimant's assistant, as stated in response to paragraph 31, but denies the remaining allegations in paragraph 92.

93. Counterdefendant admits that she has not fully accounted for the cash described in paragraph 26, as stated in response to paragraphs 30 and 48, but denies the remaining allegations in paragraph 93.

94. Counterdefendant admits that she has stated under oath that she "reported all travel expenses and sent associated receipts and invoices to Lindsay's personal assistant, Crystal Slade," and that the Third Amended Complaint alleges that during the Trip she printed her weekly expense reports and the Card statements and gave them to Counterclaimant. Counterdefendant admits that she has not fully accounted for the cash described in paragraph 26, as stated in response to paragraphs 30 and 48. Counterdefendant denies the remaining allegations in paragraph 94, including that she did not report the purchases listed in paragraph 35.

95. Denied.

96. Denied.

## Counterclaimant's Prayer for Relief

Counterdefendant denies that Counterclaimant is entitled to any of the relief requested in paragraphs A through H of the prayer of the Counterclaims.

## General Denial

Counterdefendant denies each allegation of the Counterclaims, including any allegation in a heading or footnote, that is not expressly admitted above.

## Affirmative Defenses

Counterdefendant pleads as affirmative defenses the following:

1. To the extent that non-party Angeles Ranch holds the Card account or paid the Card's balances, Counterclaimant is not the real party in interest and lacks standing to assert claims arising from the Card. This defense applies to Counts II through V and to any setoff Counterclaimant asserts for Card charges.

2. Counts II and III are barred in whole or in part by the statute of limitations, including A.R.S. § 12-541(3).

3. Counterclaimant directed, authorized, approved, and consented to the expenses he now challenges, and he waived and ratified them, including by accepting Counterdefendant's weekly expense reports and the printed reports and statements she gave him during the Trip.

4. Counterclaimant's own prior breach and repudiation of the Agreement, including his termination of Counterdefendant's employment on September 12, 2024, excused any further performance by Counterdefendant.

5. Counterclaimant prevented Counterdefendant from performing additional days of active travel coordination, including by deciding whether and when travel occurred and by terminating her employment and repudiating the Agreement. He also prevented her from paying the 2024 property taxes and caused her November 2024 insurance payment to be refunded by paying each himself without notice. He cannot rely on any failure of a condition he caused or on any nonperformance he caused.

6. Any recovery by Counterclaimant must be set off against the amounts Counterclaimant owes Counterdefendant, including unpaid wages, earned paid sick time, and expenses of her position. In the alternative, if the Counterclaims arise out of the same transaction or occurrence as Counterdefendant's claims, as Counterclaimant alleges (Doc. 34, Countercl. ¶¶ 4, 7), any recovery must be recouped from those amounts. Any recovery must also be offset by the value of the services Counterdefendant rendered and the benefits Counterclaimant received from them.

7. Counterclaimant's equitable claims, including Counts I and V, are barred by his unclean hands and his failure to do equity, including his repudiation of the Agreement, his payment of taxes and insurance without notice, and his retaliation against Counterdefendant and Reichert.



SILENCE LAW GROUP

SILENCE LAW GROUP

8. Count V fails because no relationship existed between Counterdefendant and Counterclaimant that requires an equitable accounting and because Counterclaimant has an adequate remedy at law.

9. Counterclaimant failed to mitigate his alleged damages, including by paying the 2024 property taxes before they were delinquent without sending Counterdefendant the bill or telling her he had paid it, by paying the November 2024 insurance installment after Counterdefendant had paid it, which caused her payment to be refunded, and by returning uncashed the cashier's checks that Counterdefendant and Reichert tendered in June 2025 for the full amount he claimed for those taxes and that insurance.

10. Any breach by Counterdefendant, which she denies, was not material, and forfeiture of the Property would be disproportionate to any harm Counterclaimant suffered.

11. The Agreement is a valid and enforceable contract that governs the expenses Counterclaimant agreed to cover, the Card and the cash he provided for them, and the taxes and insurance on the Property.

12. Because an express contract governs the subject matter of Count IV, Counterclaimant cannot recover for unjust enrichment.

13. The Counterclaims fail to state a claim upon which relief can be granted.

14. Counterdefendant reserves the right to amend this Answer to assert additional defenses as discovery proceeds.

**Request for Relief**

Counterdefendant requests that the Court enter judgment in her favor on each Counterclaim, deny Counterclaimant all relief, award her reasonable attorneys' fees under A.R.S. § 12-341.01 and her costs under 28 U.S.C. § 1920 and A.R.S. § 12-341, and grant such other relief as is just.

DATED this 12th day of November, 2026.

**Silence Law Group PLLC**

*/S/ Jeffrey Silence*
Jeffrey Silence
*Attorneys for Plaintiff*

SILENCE LAW GROUP